## CIVIL SERVICE COMMISSION *v*. SECRETARY OF STATE.

### DECISION OF THE COURT.

1. INJUNCTION—MOTION TO DISMISS—STATES—CIRCUIT COURT.
    Denial of motion to dismiss complaint by State civil service commission against secretary of State and other State officers to enjoin disbursements to managers of fee branch offices of the secretary of State in certain populous counties, alleged by plaintiffs to be in contravention of Constitution *held*, proper, the proceeding being a proper vehicle, per DETHMERS, C. J., and KELLY and BRENNAN, JJ.; a factual question relevant to jurisdiction of the circuit court being permitted to be determined, per BLACK, T. M. KAVANAGH, SOURIS, and ADAMS, JJ.; with O'HARA, J. dissenting on ground that proceeding was a mandamus action, and required that motion to dismiss be granted.

2. COSTS—PUBLIC QUESTION—INJUNCTION—STATE OFFICERS.
    No costs are allowed on appeal from refusal to dismiss by Court of Appeals and trial court upon their determination that an action by the civil service commission against the secretary of State and other State officers to enjoin disbursements to managers of fee branch offices of the secretary of State was not a mandamus action, a public question being involved.

### SEPARATE OPINION.

DETHMERS, C. J., and KELLY and BRENNAN, JJ.

3. INJUNCTION—MANDAMUS—STATE OFFICERS—FACTUAL DISPUTE.
    *Action in circuit court by civil service commission against secretary of State and other State officers to enjoin disbursements to managers of fee branch offices of the secretary of State,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6] 28 Am Jur, Injunction §§ 19, 42, 176 *et seq;* 34 Am Jur, Mandamus § 13 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009.

*alleged by plaintiffs to be in contravention of Constitution, held, a proper vehicle, and not a mandamus action, where the pleadings disclose a dispute as to whether the employees of fee branch offices render personal services as claimed by plaintiffs, or are exempt from constitutional requirements as claimed by defendants (Const 1963, art 11, § 5).*

### SEPARATE OPINION.

BLACK, T. M. KAVANAGH, SOURIS, and ADAMS, JJ.

4. MANDAMUS—JURISDICTION.

*Jurisdiction to issue mandamus against State officers is limited to the Court of Appeals and to the Supreme Court (CLS 1961, § 600.4401, as amended by PA 1967, No 65).*

5. INJUNCTION—STATES—JURISDICTION—MOTION TO DISMISS.

*Defendant's motion to dismiss complaint for injunction filed in circuit court against secretary of State held, properly denied, where it is uncertain whether circuit court has jurisdiction because of unresolved relevant factual and legal questions (Const 1963, art 11, § 5; CLS 1961, § 257.205).*

### DISSENTING OPINION.

O'HARA, J.

6. MANDAMUS — SECRETARY OF STATE — DISCONTINUANCE OF FEE BRANCH OFFICES.

*Action in circuit court by civil service commission against secretary of State and other State officers to enjoin disbursements to managers of fee branch offices of secretary of State, alleged by plaintiffs to be in contravention of Constitution, and to compel secretary of State to discontinue offices which have been operating for 23 years held, to be a mandamus action and, as such, beyond the jurisdiction of a circuit court.*

Appeal from Court of Appeals, Division 2; T. G. Kavanagh, P. J., and Burns and McGregor, JJ., affirming Ingham, Salmon (Marvin J.), J. Submitted June 8, 1967. (Calendar No. 8, Docket No. 51,573.) Decided December 4, 1967.

4 Mich App 1, affirmed.

Complaint by the Michigan Civil Service Commission, and Forest G. Green, Sarah Robinson, John N. Seaman, and Dorothy L. Judd, its members, against the Secretary of State, State Treasurer, Controller, and the Department of Administration of the State of Michigan to enjoin defendants from making disbursements to managers of certain fee branch offices of the Secretary of State. Defendants' motion to dismiss denied. Affirmed by Court of Appeals. Defendants appeal. Affirmed.

*Fraser, Trebilcock, Davis & Foster* (*Archie C. Fraser* and *James A. Park,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* Assistant Attorney General, for defendants.

KELLY, J. The parties to this appeal agree that "The sole question before this Court is whether the action the civil service commission took in filing suit in the Ingham county circuit court on August 20, 1964, was within the jurisdiction of the Ingham county circuit court."

Appellants contend that it is a mandamus action with relief sought being "equivalent to a writ of mandamus," and, thus, the appellate court and not the circuit court had exclusive jurisdiction to consider such an action.

The substance of the complaint follows:

(1) The civil service commission endeavored between July, 1963, and December, 1963, to arrange an agreement with defendant Secretary of State Hare in regard to "bringing the 'fee offices' or 'fee branch offices' of the Secretary of State under civil service,"

as required by article 11, § 5, of the Michigan Constitution of 1963.[1]

(2) On December 19, 1963, defendant Hare was notified that the commission took the following action at its December 18, 1963, meeting:

"The civil service commission finds, after extensive investigation, that the operation of fee branch offices in populous areas which could support a fulltime State office is a violation of the civil service provision of the Constitution of the State of Michigan which requires that all such positions in the State service be filled on the merit system basis. The commission also finds that it would not be feasible for the secretary of State to make an immediate change from fee offices to civil service offices. Therefore, the commission will continue to authorize fee payments as it has in the past until June 30, 1964.

"After June 30, 1964, no fee payments will be approved by the commission to persons operating fee branch offices in the Detroit, Pontiac, Flint, Grand Rapids, Saginaw, Bay City, Muskegon, Kalamazoo, and Lansing areas."

(3) In the latter part of July, 1964, Secretary of State Hare submitted vouchers to plaintiff civil service commission, which the commission disap-

---

[1] "The classified state civil service shall consist of all positions in the state service except those filled by popular election, heads of principal departments, members of boards and commissions, the principal executive officer of boards and commissions heading principal departments, employees of courts of record, employees of the legislature, employees of the state institutions of higher education, all persons in the armed forces of the state, eight exempt positions in the office of the governor, and within each principal department, when requested by the department head, two other exempt positions, one of which shall be policymaking. * * *

"The commission shall * * * approve or disapprove disbursements for all personal services. * * *

"No payment for personal services shall be made or authorized until the provisions of this constitution pertaining to civil service have been complied with in every particular. Violation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by any citizen of the state."

proved, for the nine branch offices for which the commission had notified the secretary of State it would not approve vouchers after June 30, 1964, and the commission advised the controller not to certify or process the disapproved vouchers.

(4) Defendant controller, at the request of the defendant secretary of State, did process the vouchers contrary to plaintiff commission's request and certified same for payment to defendant State treasurer, who signed same and turned the checks over to Secretary of State Hare for delivery by him to said fee branch managers.

(5) "That unless restrained and enjoined, the defendants, Glenn S. Allen, Jr., controller of the State of Michigan; Sanford A. Brown, State treasurer; and the department of administration, a statutory agency of State government, respectively, will continue to receive, certify and process all vouchers presented by defendant secretary of State, representing payment for personal services rendered by the several fee branch office managers located in the nine metropolitan areas of the State under contract with the said secretary of State, and that warrants will continue to be issued by said defendants, signed by defendant State Treasurer Brown and delivered over by him to defendant Secretary of State Hare for delivery by the latter to the payees named thereon, all without the prior approval of plaintiff commission and in direct contravention of the mandate of the people of Michigan, as expressed in the Constitution of 1963."

After making the above allegations, plaintiffs prayed for an order of the court permanently enjoining the defendants from certifying or processing vouchers representing payments to be made from State funds for personal services rendered the secretary of State of the State of Michigan in the operation of the above named fee branch offices, which

vouchers do not have the approval of the commission or which have been specifically disapproved by said commission.

Defendants filed a motion to dismiss, claiming that "plaintiffs' sole exclusive remedy, if any, is by way of petition for a writ of mandamus in the Supreme Court," and, also, an answer and "affirmative defenses" wherein they claimed that:

"Appointing authorities can contract for services with independent contractors when it is not administratively efficient to perform the services involved with employees of the State of Michigan. * * * The sole concern of the civil service commission in this case is to classify positions in the State service. The commission has exceeded its constitutional powers in demanding that the secretary of State, against his best judgment, abolish 36 fee offices and replace them with 21 salaried civil service offices and are therefore not entitled for the relief prayed for in their complaint."

The trial court in its opinion, denying defendants' motion to dismiss, stated:

"I cannot find that this matter is in the nature of mandamus or that it is in the nature of a mandatory injunction. My opinion is that it is one of restraint only."

In affirming the trial court, the Court of Appeals held:[2]

"It is abundantly clear from the communications between the commission and the secretary of State that the commission is desirous of effecting a significant change in the fee branch office setup of the secretary of State's office as the appellant alleges. However, if the commission's legal conclusion is correct that these fee branch managers are actually employees, it should effect the change.

---

[2] 4 Mich App 1, 3,—REPORTER.

"This question can and should be determined in the trial court and the instant suit is a proper vehicle.

"We do not agree that the instant suit is really a mandamus action. If the commission is correct these payments may be properly enjoined."

The substance of the complaint and the prayer for relief sustain the trial court and the Court of Appeals' decision that the instant suit is not a mandamus action.

The pleadings disclose a dispute as to whether the employees render personal services as claimed by plaintiffs, or are exempt from constitutional requirements as claimed by defendants.

We agree with the Court of Appeals that: "This question can and should be determined in the trial court and the instant suit is a proper vehicle."

Affirmed. No costs, a public question involved.

Dethmers, C. J., and Brennan, J., concurred with Kelly, J.

Souris, J. (*concurring in affirmance*). I agree with Mr. Justice Kelly that we should not reverse the chancellor's denial of defendants' motion to dismiss. However, I do not believe that this Court can decide now, on the record and briefs before it, that the chancellor does, or does not, have jurisdiction to grant the injunctive relief requested of him by plaintiffs. Consequently, I agree only that the chancellor did not err in refusing to dismiss the case.

Threshold challenges to a court's jurisdiction should be granted when determination of the jurisdictional issue can be made with certainty as a matter of law. But when uncertainty persists, as it does for me in this case, judicial prudence requires that the ultimate decision be deferred. Uncertainty persists in this case because there are unresolved factu-

al and legal questions relevant to jurisdiction which, in my judgment, have not been presented to this Court in a manner adequate for decision in this case of substantial public significance.

Defendants' motion to dismiss was based upon the theory that the injunctive relief sought by plaintiffs is in the nature of relief usually granted by a court's writ of mandamus and, because our statutory law and court rule deny to circuit courts the power to issue writs of mandamus against State officers, that, therefore, the circuit court has no jurisdiction to grant the relief requested against the defendants, some of them being State officers. See CLS 1961, § 600.4401 as amended by PA 1967, No 65 (Stat Ann 1968 Cum Supp § 27A.4401) and GCR 1963, 714.1 (1), which limit jurisdiction to issue mandamus against State officers to the Court of Appeals and to this Court. Defendants argue that the plaintiffs' purpose is, and the effect of the injunction sought would be, to force the defendant secretary of State to establish new positions subject to the plaintiff civil service commission's jurisdiction, contrary to a constitutional provision[1] which grants the secretary of State the authority to establish such classified positions without the approval of the commission and contrary to a statutory provision[2] which

---

[1] "The appointing authorities may create or abolish positions [in the civil service] for reasons of administrative efficiency without the approval of the commission. Positions shall not be created nor abolished except for reasons of administrative efficiency. Any employee considering himself aggrieved by the abolition or creation of a position shall have a right of appeal to the commission through established grievance procedures." Const 1963, art 11, § 5.

[2] "(a) The secretary of State shall maintain an office in the State capitol, and in such other places in the State *as he may deem necessary* to carry out the powers and duties vested in the department. * * *

"(c) Any person appointed to conduct a branch office shall receive *such compensation as the secretary of State may fix,* and necessary expenses of the office, which compensation and expenses shall be paid out of the State highway fund and shall be deducted from said fund before the same is certified to the auditor general." (Emphasis supplied.) CLS 1961, § 257.205 (Stat Ann 1965 Cum Supp § 9.1905).

authorizes the secretary to establish branch offices to be managed by persons appointed by him and compensated as he may determine.

The reasoning offered by defendants in support of their argument is based upon their pleaded allegations of the practical consequences of the injunctive relief sought.  They allege that if they are enjoined from paying fees to certain of the secretary of State's branch office managers currently compensated on a fee basis, that those fee office managers will refuse to perform further services for the State; that the secretary of State, in order to perform his duty to provide distribution of motor vehicle and watercraft license plates in those areas theretofore served by such fee office managers, will be forced to create additional salaried positions in his department subject to the jurisdiction of the plaintiff civil service commission; and that, therefore, the purpose of the plaintiffs is, and the effect of such an injunction would be, to accomplish in the circuit court by injunction what can be compelled judicially of a State officer only by writ of mandamus and that such writ, by virtue of the above cited statute and court rule, can only be issued by the Court of Appeals or by this Court.

The plaintiffs, on the other hand, relying upon other provisions[3] of the constitutional article and section relied upon by defendants, assert for themselves the power to dissapprove vouchers for payment for all personal services rendered to the State, whether or not rendered by persons within the classified civil service.  Plaintiffs allege that defendants

---

[3] "The [civil service] commission shall * * * approve or disapprove disbursements for all personal services * * * .

"No payment for personal services shall be made or authorized until the provisions of this constitution pertaining to civil service have been complied with in every particular.  Violation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by any citizen of the State."  Const 1963, art 11, § 5.

have disbursed fees disapproved by the commission
and have manifested their purpose to continue to do
so notwithstanding the constitutional provisions
quoted.

If the constitutional language relied upon by the
plaintiffs does, indeed, grant to the civil service
commission the power to disapprove disbursements
for personal services rendered on a contractual basis,
then, of course, a court of equity would have juris-
diction to enforce the constitutional mandate by in-
junctive order if necessary and if the equities of the
case require enforcement. On the other hand, if it
were concluded that the constitutional language ap-
plies only to disbursements for personal services
rendered by employees in the State's classified civil
service, then the plaintiff commission's disapproval
of the fee disbursements made by the defendants
would be without authority and a court of equity
could not, on the basis of the commission's disap-
proval thereof, enjoin the defendants from making
fee disbursements to managers of the secretary of
State's branch offices.

Defendants also challenge the reasonableness of
the commission's disapproval of fee payments to
only 35 of the 230 fee office managers of the secre-
tary of State's branch offices. It is their claim that,
even if the commission has the power to disapprove
such disbursements for personal services not ren-
dered within the classified civil service, the power
cannot be exercised capriciously, but only if there
is some legal impediment against fee payments to
such branch office managers and that if there be such
impediment, defendants reason it must apply to all
230 fee office managers, not only to 35 of them.

Justice Kelly does not consider these issues nor,
in my judgment, should this Court do so now. The
record and the parties' briefs are not adequate pres-

ently for their consideration and reliable decision by this Court.

Under these circumstances, I would affirm the chancellor's denial of defendants' motion to dismiss, but without prejudice to the defendants' renewal of their motion preferably after the evidentiary hearing on the merits. A public question being involved, I would assess no costs.

BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with SOURIS, J.

O'HARA, J. (*dissenting*). This is a mandamus action. No amount of evidentiary matter can alter that fact. The relief sought is a writ compelling the secretary of State to discontinue certain specified "fee" branch offices by restraining payment to the persons operating them. Few more effective means to compel discontinuance could have been chosen. To compel the secretary of State to discontinue the offices which have been operating for 23 years is beyond the jurisdiction of a circuit court. Nor could a judgment declaratory of the necessity of so doing be any more effective.

The motion to dismiss should have been granted.