CALCATERA v CIVIL SERVICE COMMISSION

1. INJUNCTION—MANDAMUS—CIRCUIT COURT—JURISDICTION—CIVIL
   SERVICE COMMISSION.
   The fact that injunctive relief requested by plaintiffs in an action
   in circuit court against the Civil Service Commission would
   effect a result closely approximating that achieved through
   mandamus does not provide a basis for the circuit court to
   dismiss the complaint for lack of jurisdiction (Const 1963, art
   11, § 5).

2. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—CIVIL
   SERVICE COMMISSION—CIRCUIT COURT—DECLARATORY JUDGMENT
   —CONSTITUTIONAL LAW.
   The appeal provision of the Administrative Procedures Act must
   be complied with when a party seeks to review action of the
   Civil Service Commission in a manner other than that provided
   by the Constitution and a circuit court's refusal to allow an
   action against the Civil Service Commission for declaratory
   relief to continue was proper where the plaintiffs had failed to
   comply with such provisions (Const 1963, art 11, § 5; MCLA
   24.201 *et seq.*).

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 October 9, 1973, at Lansing. (Docket No. 16556.) Decided March 6, 1974. Leave to appeal denied, 391 Mich 827.

Complaint by Donald L. Calcatera and the Michigan State Employees Association against the State Civil Service Commission and others for declaratory relief and an injunction restraining defendants from promoting certain other employees until plaintiff Calcatera is promoted. Ac-

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Injunctions §§ 296–307.
[2] 2 Am Jur 2d, Administrative Law §§ 201–208.

celerated judgment for defendants. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Archie C. Fraser* and *Michael E. Cavanaugh (Fraser, Trebilcock, Davis & Foster,* of counsel), for plaintiffs.

*MacLean, Seaman, Laing & Guilford,* for defendants.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

V. J. BRENNAN, J. On June 22, 1972, plaintiffs filed a complaint in the Ingham County Circuit Court seeking declaratory and injunctive relief against the defendants with respect to certain action taken by the Michigan Civil Service Commission and the Department of State Police which, plaintiffs alleged, was contrary to Const 1963, art 11, § 5 and the commission's own rules. The acts which are the subject of the present controversy occurred while plaintiff, Donald L. Calcatera, was a member of the Michigan State Police occupying the position of "Sergeant 11". In their complaint, plaintiffs alleged that at the time the complained-of acts occurred, Sergeant Calcatera was, by virtue of his "time in grade" and his successful completion of a competitive examination, eligible for promotion to the rank of "Staff Sergeant Level 12" (now called Lieutenant) and that his name was placed on the appropriate promotion list. Plaintiffs alleged that in 1971, however, a restructuring and reorganization of the Michigan State Police was undertaken by the Michigan Civil Service Commis-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sion and the Department of State Police which involved the reallocation of thirty-eight "Small Post Commanders" from level 11 to level 12 and the abolition of the position of "Assistant Post Commander", a level 11 position, with the persons affected thereby placed on a level 12 layoff list. Plaintiffs further alleged that many of the persons who had occupied these positions at the time of the reorganization had not satisfied the basic requirements necessary for promotion to a level 12 position. The net effect of this restructuring and reorganization, plaintiffs alleged, was to elevate a number of the small post commanders to a level 12 position and to put a number of the displaced assistant post commanders on a list given preferential treatment for placement in level 12 positions in a manner contrary to Const 1963, art 11, § 5, thereby improperly depriving Sergeant Calcatera of promotion to the level 12 position for which he was eligible. Plaintiffs sought declaratory relief and an injunction restraining defendants from promoting any other "Sergeant 11" to "Lieutenant 12" until plaintiff Calcatera was promoted to the position of "Lieutenant 12". Defendants filed no answer to plaintiffs' complaint but, instead, filed a motion for accelerated judgment on the ground that the circuit court was without jurisdiction. GCR 1963, 116.1(2). After a hearing, the trial court granted defendants' motion for accelerated judgment and dismissed the case. The trial court held that plaintiffs were actually seeking relief in the nature of mandamus instead of declaratory and injunctive relief as prayed for in the complaint and that, therefore, the action could only have properly been brought in the Court of Appeals. MCLA 600.4401; MSA 27A.4401; GCR 1963, 714.1(1). The circuit court also held that to allow the action to continue as one for declaratory relief

would conflict with our Supreme Court's holding in *Viculin v Department of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971).

Plaintiffs now appeal alleging that the circuit court erroneously granted defendants' motion for accelerated judgment. Plaintiffs contend that by their complaint they properly sought declaratory and injunctive relief and that the holding of our Supreme Court in *Viculin* does not require a different conclusion.

In their complaint plaintiffs have clearly alleged a violation of the provisions of Const 1963, art 11, § 5. This article of the Constitution, in addition to establishing the state civil service and the manner of selecting and promoting civil service employees, provides:

"Violation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by any citizen of the state."

Defendants contend that this constitutional provision was not meant to apply to a case such as plaintiffs'. Defendants argue *Viculin* made clear the "individual personnel decisions" of the Civil Service Commission are subject to review only under Const 1963, art 6, § 28 and that the method of review provided thereby is set out in GCR 1963, 706.3, which requires a plaintiff to employ the appeal procedures set out in the Administrative Procedures Act (MCLA 24.201 *et seq.;* MSA 3.560 [101] *et seq.).* They contend that the remedial provision of Const 1963, art 11, § 5 was only meant to apply to a situation where there has been a wholesale abandonment of the civil service system or a serious interference therewith. We disagree. In *Viculin* our Supreme Court dealt only with the

methods of reviewing action of the Civil Service Commission under Const 1963, art 6, § 28 and did not purport to be limiting or construing the right of "any citizen" to employ the remedial provision of Const 1963, art 11, § 5. This provision permits any citizen to seek injunctive or mandamus relief to assure that *any* of the provisions of Const 1963, art 11, § 5 are complied with. In the case at bar the circuit court held, however, that plaintiffs were actually seeking mandamus relief and that, therefore, it did not have jurisdiction. We disagree with this determination. The fact that the requested injunctive relief would effect a result closely approximating that achieved through mandamus does not provide a basis for the circuit court to dismiss this complaint for lack of jurisdiction. See *Civil Service Commission v Secretary of State,* 379 Mich 613; 154 NW2d 451 (1967). We express no opinion, however, as to whether plaintiffs' complaint presents a meritorious case for the requested relief. This determination is properly for the circuit court after each side has had the opportunity to present its proofs.

The circuit court also held, and we agree, that to allow plaintiffs to maintain their action as one for declaratory relief would conflict with the decision of our Supreme Court in *Viculin.* The appeal provisions of the Administrative Procedures Act (MCLA 24.201 *et seq.;* MSA 3.560[101] *et seq.)* must be complied with when a party seeks to review action of the Civil Service Commission in a manner other than that provided by Const 1963, art 11, § 5. See *Viculin v Department of Civil Service, supra;* Const 1963, art 6, § 28; GCR 1963, 706.3. An examination of the record in the case at bar reveals that plaintiffs failed to do this. Thus, under the facts of this case, we cannot say that the

trial judge's determination with respect to this aspect of the case was erroneous.

Reversed and remanded for proceedings not inconsistent with this opinion.

All concurred.