MICHIGAN SUPERVISORS UNION OPEIU LOCAL 512 v
DEPARTMENT OF CIVIL SERVICE

Docket No. 169850. Submitted January 10, 1995, at Lansing. Decided
April 3, 1995, at 9:45 A.M.

Michigan 'Supervisors Union O.P.E.I.U. Local 512 brought an
action in the Ionia Circuit Court against the Department of
Civil Service, the Department of Corrections, and the Depart-
ment of Mental Health, seeking to enjoin the transfer of
certain civil servants from the Department of Corrections to
the Department of Mental Health. The plaintiff contended that
Const 1963, art 11, § 5 grants the Civil Service Commission
exclusive authority over personnel transactions and employ-
ment conditions in the state civil service and that the transfers
at issue violate the constitutional provision because the trans-
fer procedure to be employed is not consistent with those
established by the Civil Service Commission. The court, Charles
W. Simon, Jr., J., granted summary disposition for the defen-
dants, ruling that it lacked subject-matter jurisdiction because
the plaintiff had failed to exhaust administrative remedies in
the form of grievance procedures in the Department of Correc-
tions and the civil service system. The plaintiff appealed.

The Court of Appeals *held:*

Where an administrative grievance procedure is provided,
exhaustion of that remedy is required before the circuit court
can review the case, MCL 24.301; MSA 3.560(201), except where
such procedure would not provide an adequate remedy or
would be an exercise in futility. If a constitutional violation is
alleged, the exhaustion requirement is displaced only when
there are no issues in controversy other than the constitutional
challenge. Thus, if there are factual issues to be resolved by an
agency, the presence of a constitutional issue does not excuse
the exhaustion requirement even if the administrative agency
would not be able to provide all the relief requested.

In this case, there are unresolved factual issues concerning
whether the transfer procedure contravenes established policies

REFERENCES

Am Jur 2d, Administrative Law §§ 505-507, 512.
See ALR Index under Exhaustion of Remedies.

of the Civil Service Commission. The trial court correctly concluded that it lacked jurisdiction because of the plaintiff's failure to exhaust administrative remedies.

Affirmed.

CIVIL SERVICE — ACTIONS — CONSTITUTIONAL LAW — ADMINISTRATIVE
LAW — EXHAUSTION OF ADMINISTRATIVE REMEDIES.

An action to enjoin an alleged violation by a state agency of the constitutional provision that grants the Civil Service Commission exclusive authority to make rules and regulations covering all personnel transactions in the state civil service is precluded by the failure to exhaust administrative remedies where factual issues relating to the constitutional challenge are not resolved in a grievance procedure available at the agency (Const 1963, art 11, § 5; MCL 24.301; MSA 3.560[201]).

*John M. Strachan* and *Robert G. Fleming,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Deborah Anne Devine, Kathleen L. Cavanaugh, Clive D. Gemmill, Mark S. Meadows,* and *Thomas A. Kulick,* Assistant Attorneys General, for the defendants.

Before: McDONALD, P.J., and TAYLOR and HOEKSTRA, JJ.

TAYLOR, J. Plaintiff, a union representing classified civil service employees of the Department of Corrections (DOC), appeals from the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4), lack of subject-matter jurisdiction. We affirm.

This case arises out of an action taken by the State of Michigan in response to a consent judgment entered in a federal civil rights lawsuit filed against the state by the United States Attorney General in the United States District Court for the Western District of Michigan alleging that the delivery of mental health services to prison in-

mates was below constitutional standards. See *United States v Michigan,* Docket No. G-84-63 (WD Mich, 1986). Pursuant to that federal court judgment, the state closed the Riverside Psychiatric Hospital in Ionia, established a new correctional mental health facility in Ypsilanti, and transferred responsibility for inmate mental health services from the DOC to the Department of Mental Health (DMH). As a result, several DOC employees at the Riverside facility were to be reassigned to the DMH in Ypsilanti effective October 1, 1993.

On September 21, 1993, plaintiff filed a complaint in the Ionia Circuit Court seeking an injunction against the allegedly unconstitutional movement of employees from the DOC to the DMH. Plaintiff alleged that the mandate in Const 1963, art 11, § 5, that the Civil Service Commission (CSC) retain exclusive authority over all personnel transactions and employment conditions, had been violated by the use of the relocation procedure that had not been established by the CSC. As a result, plaintiff argued, DOC employees had been forced to accept an undesired geographic reassignment without the employee performance protections that would have been available if CSC procedures had been utilized. Plaintiff asserted that § 5 afforded it the right to ask a circuit court to enjoin the relocation procedure without the need to first exhaust all administrative remedies.

In response, the CSC, the DOC, and the DMH argued that plaintiff failed to meet its burden of showing cause for the issuance of a preliminary injunction, and that there were administrative remedies available to plaintiff that had not been exhausted or even pursued. The CSC also stated that the relocation plan did not violate CSC procedure. The DOC, joined by the DMH and the CSC, moved for summary disposition on the basis that

the circuit court lacked subject-matter jurisdiction because plaintiff had failed to exhaust the remedies available through the grievance procedure of either the DOC or the CSC. The circuit court granted the motion.

Pursuant to Const 1963, art 11, § 5, the CSC, among other things, shall make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service. The provision also requires the CSC to establish a grievance procedure for aggrieved employees. The provision concludes with the following language: "Violation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by any citizen of the state."

On appeal, plaintiff argues that defendants' relocation procedure violates the state constitution because it is not in compliance with the CSC's established procedures. Plaintiff asserts that because the CSC has no procedure to enjoin two departments from making an interdepartmental contract that affects employee rights, injunctive relief can be sought immediately in circuit court. Plaintiff does not dispute that both the DOC and the CSC have established grievance procedures to handle the underlying claims. Nor does plaintiff offer any argument or factual circumstance suggesting that the pursuit of this claim through the CSC would be an exercise in futility. Rather, plaintiff argues that, because the constitution has been violated, the exhaustion requirement is obviated and the circuit court is able to enjoin the ongoing constitutional violation.

Premised on the doctrine of separation of powers,[1] it is well settled that where an administrative

_____

[1] See *Viculin v Dep't of Civil Service*, 386 Mich 375, 397-398; 192

grievance procedure is provided, exhaustion of that remedy is required before the circuit court can review the case. MCL 24.301; MSA 3.560(201); *Mollett v Taylor,* 197 Mich App 328, 337; 494 NW2d 832 (1992). Yet, a plaintiff may seek judicial review of a nonfinal agency decision when a final agency decision or order would not provide an adequate remedy, *Bonneville v Michigan Corrections Organization, Service Employees Int'l Union, Local 526M, AFL-CIO,* 190 Mich App 473, 475; 476 NW2d 411 (1991), or if pursuing the administrative remedy would be an exercise in futility and "nothing more than a formal step on the way to the courthouse," *Manor House Apts v Warren,* 204 Mich App 603, 605; 516 NW2d 530 (1994).

The question before this Court is whether the alleged existence of a constitutional violation fits within one of these two exceptions to the exhaustion requirement. This is a point of some confusion. See generally LeDuc, Michigan Administrative Law, § 10:38, pp 65-67. This Court has stated that our constitution permits any citizen to seek injunctive or mandamus relief to assure that *any* of the provisions of Const 1963, art 11, § 5 are complied with. *Calcatera v Civil Service Comm,* 52 Mich App 27, 31; 216 NW2d 613 (1974) (emphasis in original). This Court has also held that employees of the state classified civil service may directly bring suit in the circuit court to enjoin the CSC from violating Const 1963, art 11, § 5. *Marsh v Civil Service Dep't,* 142 Mich App 557, 561; 370 NW2d 613 (1985). Such statements must be read in context, however. In both *Marsh* and *Calcatera* the plaintiffs' theories were that they had suffered unconstitutional discrimination as prohibited by

NW2d 449 (1971); *Boggetta v Burroughs Corp,* 368 Mich 600, 603; 118 NW2d 980 (1962); *Lepofsky v Lincoln Park,* 48 Mich App 347, 359-360; 210 NW2d 517 (1973).

both Const. 1963, art 11, § 5, and an independent statute that provided a right to sue in the circuit court. Also, the strong statements that initially seem to eliminate the exhaustion requirement when a constitutional violation has been alleged are found in cases where either the alleged violation was the controlling issue in the case, *Universal Am-Can Ltd v Attorney General,* 197 Mich App 34, 37; 494 NW2d 787 (1992); *Khan v Jackson Prison Warden,* 128 Mich App 224, 227; 340 NW2d 77 (1983), or where the plaintiff had sought to enjoin the enforcement of an unconstitutional statute. *Smigel v Southgate Community School Dist,* 388 Mich 531, 557; 202 NW2d 305 (1972) (SWAINSON, J., concurring in part and dissenting in part); *Judges of the 74th Judicial Dist v Bay Co,* 385 Mich 710, 728; 190 NW2d 219 (1971).

Thus, this "constitutional violation" exception to the exhaustion requirement seems to be an outgrowth of the "futility" exception. There is no sense in forcing a plaintiff to plod through the lengthy administrative process when only the courts have the authority to resolve the controlling constitutional issue. Accordingly, the exhaustion requirement is displaced only when there are no issues in controversy other than the constitutional challenge. *Jones v Dep't of Corrections,* 185 Mich App 134, 138-139; 460 NW2d 575 (1991). The mere presence of a constitutional issue is not the decisive factor in avoiding the exhaustion requirement. If there are factual issues for the agency to resolve, the presence of a constitutional issue, or the presence of an argument couched in constitutional terms, does not excuse the exhaustion requirement even if the administrative agency would not be able to provide all the relief requested. *Universal Am-Can, supra* at 38; *Jones, supra* at 138-139; *O'Keefe v Dep't of Social Services,* 162

Mich App 498, 506; 413 NW2d 32 (1987); see also *Hardy v State Personnel Director,* 392 Mich 1, 5, n 1; 219 NW2d 61 (1974); accord *Yakus v United States,* 321 US 414, 435; 64 S Ct 660; 88 L Ed 834 (1944).

On the basis of this analysis, we hold that the firmly established doctrine requiring the exhaustion of administrative remedies controls this case. The trial court appropriately concluded that it lacked jurisdiction. Plaintiff does not dispute that there are at least two administrative avenues for the resolution of its primary grievance. Nor does plaintiff claim that the existing grievance procedures have been exhausted or are inadequate to appropriately handle the sought-after remedy of procuring the employee rights granted by the CSC. Indeed, plaintiff states in its brief that the constitutional problem might be avoided if the employees it represents were afforded the rights normally provided by the CSC procedure. Thus, there is a factual predicate to plaintiff's constitutional argument regarding what rights the DOC employees are provided and whether the contested reassignment contravenes CSC policy and control.

We note in conclusion that plaintiff has cited cases invoking a due process argument. However, the cases plaintiff cites found such a violation because the aggrieved civil service employee lost a particular right without being protected by adequate procedural safeguards. Such an argument is inapplicable to this case because plaintiff does not dispute the existence of procedures to air and resolve the involved grievance.

Affirmed.