# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA CASSINI,

Plaintiff-Appellant,

UNPUBLISHED
March 16, 2017

v

CHARTER TOWNSHIP OF VAN BUREN,

Defendant-Appellee.

No. 330343
Wayne Circuit Court
LC No. 15-012733-CH

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Theresa Cassini, appeals as of right the trial court's November 3, 2015, order granting defendant Charter Township of Van Buren's request to vacate the temporary restraining order, denying plaintiff's request for a preliminary injunction, and dismissing plaintiff's complaint for a permanent injunction of defendant's order to demolish a structure on plaintiff's property. On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because it improperly resolved factual disputes and sua sponte granted summary disposition without first giving plaintiff an opportunity to address the dismissal of her complaint or a chance to amend her complaint to request money damages. We affirm.

This action arises out of defendant's August 4, 2015 order of demolition of plaintiff's partially reconstructed home, located in Van Buren Township, Michigan. A fire destroyed plaintiff's home in 2005. Plaintiff received an insurance settlement and hired contractors to demolish and rebuild her home. The home was demolished and construction began in 2007. According to plaintiff, the foundation and shell of the home were constructed, but issues with the foundation stopped construction in 2008, resulting in ongoing litigation.

In 2013, plaintiff's property came to defendant's attention after a neighbor complained to defendant about the state of the property, specifically that there were piles of debris and vehicles in the yard, extension cords running from the electrical meter, a greenhouse filled with mattresses and boxes that emitted a smell, missing siding, and a boarded up front porch. As a result of this complaint, in July 2013, a Van Buren Township ordinance officer met plaintiff at her property, and pointed out what steps she needed to take to avoid any ordinance violations. As of August 2013, plaintiff had not improved the condition of her property, and she was issued tickets for violations of maintenance, parking, accessory, electrical hazard, and blight ordinances. In December 2013, after multiple subsequent inspections revealed that plaintiff had yet to

-1-

remedy the condition of her property, defendant filed a complaint with the district court regarding these violations. The district court found plaintiff guilty in February 2014 of several ordinance violations and ordered her to fix and clean the property to the satisfaction of defendant's ordinance department within 30 days, at which point defendant would be authorized to remedy the violations itself at plaintiff's expense.

In August 2014, plaintiff attended a meeting with the township supervisor, director of public safety, and Lieutenant Charles Bazzy regarding the condition of plaintiff's property and what needed to be corrected in order to bring the property into compliance with the township's ordinances. After this meeting, Bazzy sent plaintiff a letter memorializing plaintiff's agreement to fix several conditions by December 2014. As of April 2015, plaintiff had still failed to remedy the violations.

In May 2015, plaintiff successfully petitioned the tax tribunal to order her property assessed as vacant land because the home thereon was in such a state of disrepair as to be structurally unsound and unfit for human occupation. On August 4, 2015, defendant sent plaintiff an "Order of Demolition" for the partially constructed house on her property. The order stated that:

> Pursuant to the Charter Township of Van Burden's Code of Ordinances . . . the undersigned code official hereby orders that because the structures located at [plaintiff's property] (to wit: a partially constructed house) . . . is dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation or occupancy, and such that it is unreasonable to repair the structure, you must demolish and remove said structure within forty-five (45) days of the date of this letter.

The order explicitly referred to plaintiff's petition to the tax tribunal as one ground for support. The order also informed plaintiff of her right to appeal this decision within 20 days after service by providing a written application for appeal to the "township construction board of appeals."

On September 21, 2015, plaintiff executed a purchase agreement to sell the property and various building materials to "Motor City Hot Deals" for $91,000 ($8,500 for the property and $81,500 for building materials and supplies). On September 24, 2015, defendant sent plaintiff a letter with a copy of the order of demolition and a certified mail receipt in response to plaintiff's assertion that neither plaintiff nor counsel received the order. Defendant also requested documentation and information regarding the purported sale, which it had not yet received. On September 25, 2015, plaintiff's counsel sent a letter to defendant but did not provide the requested documentation. In this letter, plaintiff's counsel averred that defendant did not comply with the "exact requirements of the code as it relates to condemned property" and referenced a conversation in which he claimed defendant told him that plaintiff could not sell the property because it was condemned. The letter also sought assurance that defendant would hold off on any demolition and stated plaintiff's intent to seek an injunction if this assurance was not provided by September 29, 2015. Defendant responded to plaintiff's letter on September 28, 2015, reiterating its request for information regarding the sale of plaintiff's property, and stating that it planned to move forward with the demolition.

On October 1, 2015, plaintiff filed a complaint seeking a temporary restraining order, preliminary injunction, and permanent injunction against defendant, as well as an attendant motion for an ex parte temporary restraining order. In the complaint, plaintiff alleged that she "has never received any notices regarding condemnation of the property, and that this failure of notice regarding condemnation violates Plaintiff's due process rights as Plaintiff was never afforded a hearing on this issue." On October 2, 2015, the trial court entered a temporary restraining order, enjoining defendant from demolishing plaintiff's house. The trial court set a hearing on plaintiff's motion for preliminary injunction for October 22, 2015.

On October 16, 2015, defendant filed a brief in opposition to plaintiff's request for a temporary restraining order and preliminary injunction, rather than an answer to plaintiff's complaint. Defendant argued that plaintiff failed to exhaust her administrative remedies by failing to appeal the order of demolition to the board of appeals within 20 days of service, and argued that plaintiff was not denied procedural due process because plaintiff was notified of her right to appeal the order of demolition, but plaintiff chose not to use the process that was available. Defendant attached to this brief a copy of the August 4, 2015 "Order of Demolition" and a return receipt signed by plaintiff acknowledging her receipt of this document. Lastly, defendant argued that the trial court should dismiss plaintiff's complaint pursuant to MCR 2.116(I)(2).

Plaintiff did not file a reply to defendant's brief, nor did she move the trial court for additional time to do so. At the October 22, 2015 hearing, plaintiff admitted to the trial court that she received the notice of demolition and reiterated that she had a purchase agreement for the property. The trial court stated that "plaintiff has had ample notice regarding the condition of her property and the need to repair the house" and that "[p]laintiff will not suffer irreparable harm, because any harm to plaintiff could be cured by money damages based on the appraised value of the property." The trial court then vacated the temporary restraining order, denied plaintiff's request for a preliminary injunction, and dismissed plaintiff's remaining claim for a permanent injunction. Fourteen days later, the trial court memorialized this ruling in a written order. Plaintiff did not seek leave to amend her complaint but rather appealed to this Court.

This Court reviews a trial court's decision whether to grant a motion for summary disposition de novo. *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014). We also review de novo, as a question of law, whether a party has been afforded procedural due process. *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

On appeal, plaintiff argues that the trial court erred in dismissing her complaint and denied her procedural due process by granting summary disposition to defendant sua sponte without granting her an opportunity to brief or otherwise present her argument opposing that decision. We disagree. We address plaintiff's procedural arguments first, before addressing the substance of the trial court's ruling.

*Plaintiff Received Due Process.* The trial court granted summary disposition to defendant under MCR 2.116(I), which provides, in pertinent part:

(1) If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.

(2) If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party.

A "trial court has the authority to grant summary disposition sua sponte" under this rule but "it may not do so in contravention of a party's due process rights." *Al-Maliki*, 286 Mich App at 489. "Due process is a flexible concept, the essence of which requires fundamental fairness" in that the parties are given "notice of the proceeding and a meaningful opportunity to be heard." *Id. at* 485.

In this case, plaintiff cannot seriously argue that she did not have notice that the trial court was going to consider whether to grant defendant summary disposition. Defendant's response to plaintiff's request for a preliminary injunction set forth its argument that each of plaintiff's claims should fail as a matter of law or undisputed fact and requested that the trial court grant summary disposition in defendant's favor under MCR 2.116(I)(2). Because plaintiff does not dispute that she was aware of this response, we conclude that plaintiff had notice that summary disposition was at issue.

Plaintiff's argument that she did not have a meaningful opportunity to respond to this issue is likewise without merit. Plaintiff argues that she did not have a meaningful opportunity to respond because defendant filed its response six days before the hearing that ultimately dismissed her complaint. Defendant, however, filed its brief within the time prescribed in MCR 2.108(A)(1). If plaintiff felt that she did not have enough time to respond meaningfully to defendant's arguments, she could have requested an adjournment of the hearing under MCR 2.503. Plaintiff did not do so and did not file a brief responding to defendant's arguments. Further, at the hearing, plaintiff was given an opportunity to present her case and respond to defendant's arguments. Plaintiff did not use this opportunity to respond to defendant's request for summary disposition, despite being on notice that summary disposition was at issue at the hearing. Procedural due process requires only that plaintiff be afforded a meaningful *opportunity* to address the issue. That plaintiff did not take advantage of that opportunity does not change our conclusion that plaintiff was afforded the process due to her.[1]

Plaintiff additionally argues that she was denied procedural due process because the trial court did not grant her leave to amend her complaint to seek monetary damages. MCR 2.116(I)(5) provides that, when a trial court grants summary disposition to a party based upon its conclusion that a party is entitled to judgment as a matter of law, "the court shall give the parties

---

[1] This prior notice and opportunity to be heard places this case in stark contrast to the facts of *Lamkin v Hamburg Twp Bd of Trustees*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 328836), where the district court sua sponte dismissed the plaintiff's complaint six days after it was filed and before it was ever served.

an opportunity to amend their pleadings . . . , unless the evidence then before the court shows that amendment would not be justified."

Because the trial court dismissed plaintiff's complaint on the basis that undisputed facts showed that plaintiff was not entitled to the relief she requested, plaintiff had a right to amend her complaint under MCR 2.116(I)(5). MCR 2.116(I)(5), however, does "not require the court to sua sponte offer plaintiff an opportunity to amend." *Kloian v Schwartz*, 272 Mich App 232, 242; 725 NW2d 671 (2006). Plaintiff never sought leave to amend her complaint, either at the hearing dismissing her complaint, during the days before the trial entered an order to that effect, or at any time following that order. Again, plaintiff's failure to avail herself of the opportunities afforded her does not amount to a denial of her procedural due process or any statutory right.

*Summary Disposition Was Proper.* Having determined that the trial court afforded plaintiff the process due to her, we now address whether the trial court erred substantively in granting summary disposition to defendant. On appeal, plaintiff does not contest the trial court's denial of her request for a preliminary injunction. Rather, plaintiff argues that the trial court erred by dismissing her complaint because issues of material fact still existed regarding whether defendant interfered with plaintiff's contract and because plaintiff had a right to seek monetary relief. We disagree.

At the outset, we note that, despite plaintiff's argument that summary disposition was inappropriate because questions of fact still existed regarding whether defendant interfered with the sale of plaintiff's property, plaintiff did not properly plead any claim of intentional interference with plaintiff's business or contractual relationship. In fact, plaintiff did not file any substantive claim for relief at all. Instead, she only sought a remedy—an "injunction of demolition." "Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Jeffrey v Clinton Twp*, 195 Mich App 260, 263-264; 489 NW2s 211 (1992). "The granting of injunctive relief is within the sound discretion of the trial court, although the decision must not be arbitrary and must be based on the facts of the particular case." *Twp of Holly v Holly Disposal, Inc*, 440 Mich 891; 487 NW2d 753 (1992).

The trial court dismissed plaintiff's complaint on two grounds: (1) plaintiff had adequate notice of her right to appeal the township's decision to the construction board of appeals and did not avail herself of that appeal; and (2) although not sought, monetary damages could have afforded plaintiff adequate relief. We conclude that the trial court properly granted summary disposition to defendant based upon these grounds, each of which independently provides plaintiff with an adequate remedy at law and precludes her from obtaining injunctive relief.

"Premised on the doctrine of separation of powers, it is well settled that where an administrative grievance procedure is provided, exhaustion of that remedy is required before the circuit court can review the case." *Michigan Supervisors Union OPEIU Local 512 v Dept of Civil Serv*, 209 Mich App 573, 576–77; 531 NW2d 790 (1995). Defendant provided the trial court with documentary evidence showing that plaintiff had a right to a review of the township's order of demolition with the township's construction board of appeals and that plaintiff had adequate notice of this right. Plaintiff failed to provide the trial court with any evidence suggesting that she did not receive notice of this right, suggesting that this right would not

provide her an adequate remedy (i.e., reversing the order of demolition), see *id. at* 577, or suggesting that pursuing this remedy would be an exercise in futility, see *Manor House Apts v Warren,* 204 Mich App 603, 605; 516 NW2d 530 (1994). Accordingly, we conclude that the trial court properly granted summary disposition to defendant on the basis that plaintiff failed to exhaust her administrative remedies.

Plaintiff does not specifically address the trial court's decision that her failure to exhaust administrative remedies prohibited her from seeking relief in the trial court; instead, plaintiff argues that the trial court stated that she had a right to obtain monetary damages and that this right precluded the trial court from dismissing her complaint. Plaintiff, however, misinterprets the trial court's ruling. The trial court did not rule that plaintiff had proven that she was entitled to monetary damages, nor did the court find that she could potentially state a valid claim for monetary damages. Rather, the trial court concluded that plaintiff was not entitled to an injunction, preliminary or permanent, because her injury was not irreparable.

Courts of this state have long awarded monetary damages in suits sounding in condemnation or other governmental takings. See *Campau v City of Detroit*, 225 Mich 519; 196 NW 527, 528 (1923). In this case, plaintiff's argument that defendant's order of demolition prevented her from realizing a $90,000 contract for sale of the property would make money damages easily calculable and plaintiff has not argued that any statute, court rule, or regulation prevented her from obtaining these damages. Nonetheless, whether plaintiff is entitled to that monetary relief was not before the trial court, or this Court on appeal, because plaintiff did not put forth an actual claim for relief, nor did she seek monetary relief, amend her complaint as a matter of course, or seek leave to amend that complaint. Plaintiff only sought injunctive relief and because monetary damages would have provided her an adequate remedy if sought, we conclude that the trial court properly dismissed her complaint.

Affirmed.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle

-6-