*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID C. ADKINS and DEBRA A.
GONZALEZ,

       Plaintiffs-Appellees,

v

SAMUEL O. GABOR and MARIA GABOR,

       Defendants-Counterplaintiffs,

and

INTEGRITY FIRST REALTY, INC., doing
business as REMERICA UNITED REALTY-
NOVI,

       Defendant,

and

CITY OF ALLEN PARK,

       Defendant/Counterdefendant-
       Appellant.

UNPUBLISHED
October 17, 2019

Nos. 342836
Wayne Circuit Court
LC No. 17-013954-CH

DAVID C. ADKINS and DEBRA A.
GONZALEZ,

       Plaintiffs-Appellees,

v

No. 342838
Wayne Circuit Court
LC No. 17-013954-CH

-1-

SAMUEL O. GABOR, MARIA GABOR, and
INTEGRITY FIRST REALTY, INC., doing
business as REMERICA UNITED REALTY-
NOVI,

          Defendants,

and

CITY OF ALLEN PARK,

          Defendant-Appellant.

---

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In these consolidated appeals, defendant City of Allen Park appeals the circuit court's order denying its motion for summary disposition. We reverse.

## I. BACKGROUND

This case involves the disposal of sewage at a single-family residence located in Allen Park. Plaintiffs purchased the property from defendants Samuel and Maria Gabor. During the sale process, plaintiffs were provided with a disclosure statement which they allege indicated that the property was connected to the City's sewer system. According to plaintiffs, after moving into the home, they began experiencing respiratory difficulties, eye infections, and skin irritations related to sewage gases therein. Plaintiffs hired a plumber, whom they claim confirmed that sewer gases were escaping into plaintiffs' basement. The plumber allegedly also discovered that the property was not connected to the municipal sewer as indicated on the disclosure statement, even though the City was billing plaintiffs for sewage disposal. Rather, the property was connected to an Onsite Sewage Disposal System (OSDS),[1] which, according to plaintiffs, was later determined to be in such disrepair that it was completely failing. Plaintiffs claimed that they were advised to abandon the OSDS and connect to the municipal sewer system.

Plaintiffs alleged that they attempted to address the issue with the City, but the City did not take any action. Plaintiffs claimed that representatives of the City verbally acknowledged to them that the City knew that the property was not connected to the municipal sewer and that at least one seller of the property had previous communications with the City regarding the same

---

[1] Consistent with its title, an OSDS uses natural processes to treat wastewater at the home, rather than transporting the wastewater to a separate facility for treatment. The OSDS at issue in this appeal is a septic tank and corresponding drain field.

-2-

issue. Plaintiffs alleged that, despite its knowledge that the property was not connected to the municipal sewer, the City continued to bill them for "sewage" on quarterly invoices.

Ultimately, plaintiffs filed a five-count complaint in the circuit court against several defendants. Counts III and IV of this complaint were against the City. In Count III, plaintiffs alleged that that the City violated Wayne County Ordinance 99-527 by failing to facilitate a connection of the property to the municipal sewer and by failing to keep accurate records regarding the existence of the OSDS. In Count IV, plaintiffs alleged that the City overbilled them for sewer services that it knew were not being provided and that the City was unjustly enriched by its retention of plaintiffs' payment of these charges. The City filed a motion for summary disposition arguing *inter alia* that it was immune from suit and that plaintiffs failed to exhaust their administrative remedies before filing suit. This appeal followed the circuit court's denial of the City's motion.

## II. ANALYSIS

### A. GOVERNMENTAL IMMUNITY

On appeal, the City first argues that it was entitled to summary disposition of plaintiffs' Count III on the basis of governmental immunity. We review de novo the circuit court's grant or denial of summary disposition. *Estate of Voutsaras v Bender*, 326 Mich App 667, 671-672; 929 NW2d 809 (2019). Summary disposition is appropriate under MCR 2.116(C)(7) when the claim fails because of "immunity granted by law." *Id*. at 672 (internal citation, quotation marks, and ellipsis omitted). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Id*. (internal citation and quotation marks omitted).

Governmental entities are generally immune from tort liability for acts taken "in the exercise or discharge of a governmental function." MCL 691.1407(1). Therefore, a governmental entity "can only be subject to suit if a plaintiff's case falls within a statutory exception. As such, it is the responsibility of the party seeking to impose liability on a governmental agency to demonstrate that its case falls within one of the exceptions." *Mack v City of Detroit*, 467 Mich 186, 201; 649 NW2d 47 (2002). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id*. at 204.

Here, plaintiffs failed to plead any exception to governmental immunity in their complaint; similarly, plaintiffs failed to allege that the City was engaged in a nongovernmental or proprietary function. Accordingly, plaintiffs' complaint was insufficient to plead in avoidance of governmental immunity. Therefore, the City was entitled to summary disposition under MCR 2.116(C)(7).

Plaintiffs argued before the circuit court and now argue on appeal that governmental immunity does not apply because the City's employees engaged in gross negligence. MCL 691.1407(1), however, unambiguously "provides immunity to a governmental agency without regard to an employee's gross negligence." *Yoches v City of Dearborn*, 320 Mich App 461, 476;

904 NW2d 887 (2017). Therefore, because plaintiffs failed to plead an exception to governmental immunity, any alleged gross negligence on the part of the City's employees does not alter our conclusion that the City was entitled to summary disposition under MCR 2.116(C)(7).

Plaintiffs argue that they should have an opportunity to amend their complaint to correct any pleading deficiencies with respect to governmental immunity. In making this argument, however, plaintiffs have not shown that they can plead a statutory exception to immunity. Therefore, we reject plaintiffs' request to remand for an opportunity to amend. Rather, on remand, the circuit court shall enter an order granting summary disposition to the City on Count III of plaintiffs' complaint.

## B. ADMINISTRATIVE REMEDIES

Regarding Count IV of plaintiffs' complaint, the City argues that it was entitled to summary disposition under MCR 2.116(C)(4) because plaintiffs failed to exhaust their administrative remedies before filing suit.[2] A circuit court is without subject-matter jurisdiction if the plaintiffs have failed to exhaust their administrative remedies, thereby entitling the defendant to summary disposition under MCR 2.116(C)(4). *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 656; 669 NW2d 326 (2003). We review de novo whether the circuit court properly assumed jurisdiction. *Id*. at 656-657.

Where an administrative grievance procedure is provided, exhaustion of that remedy is required before the circuit court can review a case. *Mich Supervisors Union OPEIU Local 512 v Dep't of Civil Service*, 209 Mich App 573, 576-577; 531 NW2d 790 (1995). See also MCL 24.301. A plaintiff may seek judicial review without exhausting administrative remedies only if review of the agency's decision would not provide an adequate remedy or if pursuing the administrative remedy would be futile. *Id*. at 577.

Section 48-117 of the Allen Park Code of Ordinances authorizes the city council to adopt sewage rates and fees by county ordinance. In turn, Section 48-250 addresses rate-charge appeals, stating in relevant part:

> [A]n individual user may appeal the rate charges for service rendered or other matters related thereto. This public hearing shall be at a regular council meeting or a special council meeting called for this purpose. Individuals may, at any time, address questions relative to the rates charged to a member of the city's administrative staff before said public hearing and, if not satisfied with information secured, may address concerns to the mayor and council at the public hearing. [Allen Park Ordinances, § 48-250.]

---

[2] We note that Count IV of plaintiff's complaint is not a tort claim and therefore does not fall within the purview of MCL 691.1407(1).

The Ordinances also provide that, parties who believe they are aggrieved by the county in enforcing the sewage provisions may appeal to the director for relief, and are entitled to a hearing on the request with a disinterested officer. Allen Park Ordinances, §§ 48-588 to 48-591.

Plaintiffs argue that Section 250 applies only to the setting of rates, not a dispute over charges. We disagree. As noted above, the ordinance provides for the appeal of "rate charges for service rendered or other matters related thereto." Allen Park Ordinances, § 48-250. The plain meaning of the phrase "charges for service rendered" indicates that the appeal process is not limited to the general service rate, but also applies more specifically to individual charges residents receive for services. In any event, an individual's dispute over a bill for sewage services would logically fall within the catchall phrase "other matters related thereto." It is undisputed that plaintiffs did not avail themselves of the appeal process set forth in Section 250. Moreover, plaintiffs did not avail themselves of the grievance procedure set forth in Sections 588 through 591 and there is nothing in these sections from which we can conclude that the grievance procedure applies only to rate setting.

Therefore, because plaintiffs failed to exhaust their administrative remedies and have made no showing that review of any administrative decision would be inadequate to afford them relief, the circuit court was without subject-matter jurisdiction to entertain plaintiffs' Count IV. Accordingly, the City was entitled to summary disposition on Count IV of plaintiffs' complaint under MCR 2.116(C)(4).[3]

## III.  CONCLUSION

We reverse the circuit court's denial of summary disposition and remand this case to the circuit court for entry of an order granting defendant City of Allen Park's motion for summary disposition on Counts III and IV of plaintiffs' complaint. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

[3] We agree with the trial court that questions of fact exist regarding whether the City knew of the OSDS when it billed plaintiffs for sewage services; however, the existence of a factual question does not grant the circuit court jurisdiction to decide a case and therefore does not alter our conclusion that the City was entitled to summary disposition on Count IV of plaintiffs' complaint under MCR 2.116(C)(4).