SUSAN R BRULEY TRUST v CITY OF BIRMINGHAM

Docket No. 241299. Submitted November 4, 2003, at Detroit. Decided December 9, 2003, at 9:20 A.M.

The Susan R. Bruley Trust and its trustee, Susan R. Bruley, brought an action in the Oakland Circuit Court against the city of Birmingham, seeking to overturn a city ordinance that designated the plaintiffs' property as a historic district pursuant to the Local Historic District Act (LHDA), MCL 399.201 *et seq.* The circuit court, John James McDonald, J., granted summary disposition for the city, ruling that the federal constitutional claims were not ripe for consideration because of the plaintiffs' failure to exhaust state court remedies and because the plaintiffs failed to obtain a final order at the administrative level. The plaintiffs appealed, claiming denial of due process, lack of just compensation, and violation of the right of equal protection, as well as alleged errors in interpretation of state law by the trial court.

The Court of Appeals *held*:

1. The plaintiffs' assertion that the LHDA, MCL 399.201 *et seq.*, provides the authority to appeal a decision by a historic district study committee directly to the circuit court is in error. In this case, the historic district commission merely recommended to the city commission that the property be designated a historic district. The city commission made the decision to designate the property as a historic district.

2. The circuit court's conclusion that the plaintiffs' claims were not ripe because of the failure to exhaust administrative remedies is in error to the extent that it applies to the plaintiffs' constitutional challenge of the ordinance on its face. Even if the exhaustion doctrine were applied, it is excused to the extent that the sole nature of the claims is constitutional, and any review board would be unable to address them. Plaintiffs claimed that the ordinance is unconstitutional because it is arbitrary and capricious because it fails to advance any reasonable government interest. The claim is a challenge to the ordinance on its face, not a challenge to the execution or enforcement of the ordinance. Because the ordinance is not being challenged on an "as applied" basis, the plaintiffs need not exhaust any administrative remedies.

3. With regard to the city's argument that plaintiffs did not have a final order on which to base an appeal, because the plaintiffs brought challenges to the constitutionality of the ordinance on its face, they were under no obligation to seek, and be denied, a variance from the ordinance in order to bring the suit. The issue of finality is distinct from the issue of exhaustion of administrative remedies. There would be no sense in forcing the plaintiffs to plod through the lengthy administrative process to obtain a final order when only the courts have the authority to resolve the controlling constitutional issues.

4. The trial court erred in granting summary disposition of the plaintiffs' federal claims on the basis that those claims were not ripe because the plaintiffs failed to exhaust state court remedies. Nothing precludes the plaintiffs from bringing both state and federal claims at the same time in state court.

5. While the LHDA requires that a historic district be established by ordinance, it does not require that a historic district study committee be appointed by ordinance. The fact that the study committee in this case was appointed by resolution does not make the establishment of the historic district void under the LHDA.

Affirmed in part, reversed in part, and remanded for further proceedings.

*Dickinson Wright PLLC* (by *Timothy A. Stoepker* and *Peter H. Webster*) for the plaintiffs.

*Beier Howlett, P.C.* (by *John D. Staran* and *Timothy J. Currier*), for the defendant.

Before: WHITBECK, C.J., and ZAHRA and DONOFRIO, JJ.

PER CURIAM. This case stems from defendant city of Birmingham's passage of an ordinance designating plaintiff Bruley's[1] property as a historic district under the Local Historic District Act (the LHDA).[2] Bruley appeals as of right from a trial court order granting

---

[1] The docket sheet lists two plaintiffs in this case. However, their legal positions are identical, and Susan R. Bruley's rights stem from her position as trustee for the Susan R. Bruley Trust. For purposes of convenience, we will refer to plaintiffs simply as Bruley.

[2] MCL 399.201 *et seq.*

the city summary disposition of Bruley's various constitutional claims. We note that, while this case involves the provisions of the LHDA, the issues that it presents primarily relate to constitutional challenges and administrative law. We reverse in part, affirm in part, and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Bruley's multicount complaint alleged, among other things, that the ordinance constituted a denial of due process, was a taking without just compensation, violated the right to equal protection, and amounted to a violation of substantive due process on its face.[3]

Both parties moved for summary disposition and, after hearing argument, the trial court determined that "the matter is not ripe for determination" because Bruley failed to pursue available administrative remedies. The trial court also concluded that Bruley failed to establish that pursuing administrative remedies would have been futile. Specifically, the trial court ruled:

> Regarding the historic designation of the property, MCL 399.211 provides that a permit applicant aggrieved by a decision rendered under section 5(1) (MCL 399.205(1)[,] may not appeal to the court without first exhausting the right to appeal to the [State Historic Preservation Review Board] SHPRB under section 5(2) (MCL 399.205(2)). The Court finds that this provision is applicable here and plaintiff must first appeal to the SHPRB before seeking appellate

---

[3] We note that Bruley's complaint took issue with the ordinance designating the property a historic district, as well as with an ordinance addressing lot coverage. However, any claims directed at the lot coverage ordinance are waived, as they were not addressed in this appeal. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001) ("Insufficiently briefed issues are deemed abandoned on appeal.").

review of the HDC decision form [sic] this Court. The Court does not find that case of *Arthur Land Co v Otsego Co.*, [249 Mich App 650; 645 NW2d 50] (2002)[,] to support Plaintiff's position [sic]. Rather, the *Arthur Land* case indicates that *Paragon, supra* is still controlling and that a plaintiff must first obtain a final, nonjudicial determination regarding a permitted land use before coming to court. *Arthur Land* at 8, n. 20.

The Court also finds that the LHDA, MCL 399.203, 214 does not require that the City establish a historic district study committee "by ordinance" before it can designate any property as historic.

Lastly as to Plaintiff's claims for due process and equal protection violations, Plaintiff has failed to meet the first hurdle by not having received a final decision from the City as to what development may occur on the property. This lack of a final decision renders both the federal and state claims unripe for adjudication. (for eg. [sic] see *Paragon Properties*, 452 Mich 568 (19960 [sic]. where [sic] the Michigan Supreme Court affirmed the Court of Appeals decision that the plaintiff had an obligation to seek a variance, even after the denial of rezoning before it could seek redress in Court.)

Plaintiff has failed to meet the second criterion as well, in that it has failed to pursue to completion the state judicial remedies available to redress the alleged constitutional deprivations. Because Plaintiff has brought the federal claims prior to concluding the state claims in the complaint, there is no question that Plaintiff has failed to meet the *Williamson* requirement of exhausting and completing state law remedies, thus rendering the federal claims as unripe for review. (For eg. [sic] *Curto v City of Harper Woods,* 954 F2d 1237(6th Cir 1992) [sic]. Specifically, under 6th circuit law, the *Williamson* finality analysis applies to equal protection as well as to due process claims that are ancillary to a takings claim.)

Defendant city's motion for summary disposition is granted.

This appeal followed.

## II. STANDARD OF REVIEW

The trial court granted the city summary disposition on the basis that Bruley's claims were unripe and that Bruley failed to exhaust administrative remedies. This basis attacks subject matter jurisdiction. Whether a court has subject matter jurisdiction is a question of law[4] that we review de novo.[5] To the extent that resolution of these questions involves statutory interpretation, our review is also de novo.[6]

## III. EXHAUSTION OF REMEDIES

Bruley contends the trial court erred in determining that summary disposition was appropriate because her claims were unripe because she failed to exhaust her administrative remedies and she failed to demonstrate that the exhaustion of those remedies was futile. In *Paragon Properties Co v Novi*[7] the Michigan Supreme Court, quoting *Herrington v Sonoma Co*,[8] noted:

> "In land use challenges, the doctrine of ripeness is intended to avoid premature adjudication or review of administrative action. It rests upon the idea that courts should not decide the impact of regulation until the full extent of the regulation has been finally fixed and the harm caused by it is measurable."

---

[4] *Smith v Smith*, 218 Mich App 727, 729; 555 NW2d 271 (1996).

[5] *Papas v Michigan Gaming Control Bd*, 257 Mich App 647, 656-657; 669 NW2d 326 (2003).

[6] *Ashby v Byrnes*, 251 Mich App 537, 540; 651 NW2d 922 (2002).

[7] *Paragon Properties Co v Novi*, 452 Mich 568, 579 n 12; 550 NW2d 772 (1996).

[8] *Herrington v Sonoma Co*, 834 F2d 1488, 1494 (CA 9, 1987).

Bruley argues that the LHDA allows her to file suit directly from the designation of her property as a historic district, that she need not exhaust administrative remedies when she challenges the constitutionality of an ordinance on its face, and that, even if required to exhaust administrative remedies, exhaustion in this instance, where the only challenges brought are constitutional, is excused. Bruley first contends that the trial court misapprehended the LHDA's statutory scheme, which she believes expressly allows a party aggrieved by a decision of an historic district study committee to appeal that decision directly to the circuit court.

The basic precepts of statutory construction are set out in *Draprop Corp v Ann Arbor*,[9] where this Court, quoting *Rose Hill Ctr, Inc v Holly Twp*,[10] stated:

> "The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate."

"Once the intention of the Legislature is discovered, it must prevail regardless of any conflicting rule of statutory construction."[11]

---

[9] *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001).

[10] *Rose Hill Ctr, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997). See also *Papas, supra* at 658.

[11] *Green Oak Twp v Munzel*, 255 Mich App 235, 240; 661 NW2d 243 (2003).

MCL 399.211 provides:

> Any citizen[s] . . . jointly or severally aggrieved by a decision of the historic district commission may appeal the decision to the circuit court, except that a permit applicant aggrieved by a decision rendered under [MCL 399.205(1)] may not appeal to the court without first exhausting the right to appeal to the state historic preservation review board under [MCL 399.205(2)].

The two subsections of § 5[12] address the situation of one who is aggrieved by a decision of a historic district commission concerning a permit application for work affecting a resource within a historic district. Read together, these statutes are silent on the issue whether a party can appeal the designation of property as a historic district to the circuit court. MCL 399.211 permits appeals for parties who are aggrieved by a decision of the historic district commission, except those decisions addressed in MCL 399.205 that involve decisions made on applications for building permits. Here, Bruley does not take issue with either of those decisions; she is "seeking relief from the Defendant's decision to designate the home as a historic district." However, the city commission made this decision; the historic district commission only recommended that the property be designated as a historic district. Accordingly, MCL 399.211 provides no guidance regarding this issue. Moreover, because Bruley is not taking issue with the application for a building permit, MCL 399.205 is inapplicable. Bruley's assertion that the LHDA provides the authority for her to appeal directly to the circuit court is, therefore, meritless.

---

[12] MCL 399.205.

Bruley next asserts that the exhaustion doctrine is inapplicable to a challenge to the constitutionality of the ordinance on its face. Here, Bruley is correct. This Court recently reiterated, in *Landon Holdings, Inc v Grattan Twp*,[13] that "a plaintiff can bring a facial due process challenge that claims arbitrariness or capriciousness and need not exhaust any administrative remedies." This contrasts with claims that challenge the constitutionality of statutes "as applied," which require a party to exhaust all administrative remedies before bringing suit.[14]

> A facial challenge alleges that the mere existence and threatened enforcement of the ordinance materially and adversely affects values and curtails opportunities of all property regulated in the market. An "as applied" challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution.[15]

Here, Bruley's complaint alleged that the ordinance is unconstitutional because it is arbitrary and capricious inasmuch as it fails to advance any reasonable governmental interest. Because this claim does not take issue with any aspect of the execution or enforcement of the ordinance, it is a challenge of the ordinance on its face. Accordingly, under *Paragon Properties*, there was no need to exhaust any administrative remedies. The trial court's ruling granting the city summary disposition was based on the conclusion that Bruley's claims were not ripe because she

---

[13] *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 177; 667 NW2d 93 (2003). Note, however, that "conclusory allegations of constitutional violations are insufficient as a matter of law to avoid the regulatory scheme created by the Legislature." *Papas, supra* at 663.

[14] *Id.*, citing *Paragon Properties, supra* at 577.

[15] *Paragon Properties, supra* at 576 (citations omitted).

failed to exhaust her administrative remedies. To the extent this ruling applied to Bruley's facial constitutional challenge, we conclude that it was erroneous.

Bruley also argues that, even if the exhaustion doctrine applied, exhaustion is excused because the sole nature of her claims is constitutional, and any review board would be unable to address them. Again, she is correct.

> "[T]he exhaustion requirement is displaced only when there are no issues in controversy other than the constitutional challenge. The mere presence of a constitutional issue is not the decisive factor in avoiding the exhaustion requirement. If there are factual issues for the agency to resolve, the presence of a constitutional issue, or the presence of an argument couched in constitutional terms, does not excuse the exhaustion requirement even if the administrative agency would not be able to provide all the relief requested."[16]

Here, Bruley's claims were all constitutional, and any "exhaustion" of the various administrative remedies available to her would have been futile because "[t]here is no sense in forcing a plaintiff to plod through the lengthy administrative process when only the courts have the authority to resolve the controlling constitutional issue."[17]

### IV. FINALITY

Bruley challenges the trial court's determination that summary disposition was proper because she

---

[16] *Womack-Scott v Dep't of Corrections*, 246 Mich App 70, 80-81; 630 NW2d 650 (2001), quoting *Michigan Supervisors Union OPEIU Local 512 v Dep't of Civil Service*, 209 Mich App 573, 578; 531 NW2d 790 (1995) (citations omitted). See also *Papas, supra* at 664.

[17] *Michigan Supervisors Union, supra* at 578.

failed to obtain a final decision at the administrative level. The issue of finality is distinct from the issue of exhaustion, set out above.

> The question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable. While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.[18]

Bruley contends that she is excused from obtaining a final decision because she brought challenges to the constitutionality of the ordinance on its face. We agree. In *Paragon Properties*,[19] the plaintiff property owner claimed the defendant's zoning ordinance as applied to the plaintiff's property affected an unconstitutional taking. The Michigan Supreme Court observed that "zoning of land is a reasonable exercise of government police power" and that the defendant's zoning scheme allowed it to manage land within the jurisdiction.[20] Then the Court turned to the central issue of the case: whether the plaintiff was required to obtain a final decision before filing suit or whether the plaintiff was required to seek a variance before an

---

[18] *Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City*, 473 US 172, 192-193; 105 S Ct 3108; 87 L Ed 2d 126 (1985) (citations omitted).

[19] *Paragon Properties, supra* at 571.

[20] *Id.* at 571-576.

action could commence.[21] The answer, according to the Court, depends on the type of suit the plaintiff would bring.

> A challenge to the validity of a zoning ordinance "as applied," whether analyzed under 42 USC 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality.
>
> The finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury . . . .
>
> Finality is not required for facial challenges because such challenges attack the very existence or enactment of an ordinance.[22]

Here, as set out above, Bruley brought challenges to the constitutionality of the ordinance on its face, therefore, under *Paragon Properties*, finality was not required.[23] Bruley was under no obligation to seek, and be denied, a variance from the ordinance in order to bring her suit. We conclude that for the trial court to require that she seek "a final decision" before bringing this suit was erroneous.

### V. BRULEY'S FEDERAL CLAIMS

Bruley takes issue with the trial court's grant of summary disposition on her federal claims. The trial court ruled that those claims were unripe because she failed to exhaust her state court remedies. The trial court relied on *Williamson Co Regional Plan-*

---

[21] *Id.* at 576-577.

[22] *Id.* at 576-577 (citations omitted).

[23] *Id.* at 577.

*ning Comm,*[24] in which the United States Supreme Court addressed a taking claim brought in federal court by a property owner. The Supreme Court held that the property owner's claim was not ripe because, among other things, the owner "did not seek compensation through the procedures the State has for doing so."[25] The Court reasoned:

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a " 'reasonable, certain and adequate provision for obtaining compensation' " exist at the time of the taking. If the government has provided an adequate process for obtaining compensation, and if resort to that process "[yields] just compensation," then the property owner "has no claim against the Government" for a taking. Thus, we have held that taking claims against the Federal Government are premature until the property owner has availed itself of the process provided by the Tucker Act, USC § 1491. Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.[26]

The Supreme Court concluded:

> Thus, the State's action is not "complete" in the sense of causing a constitutional injury "unless or until the state fails to provide an adequate postdeprivation remedy for the property loss." Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compen-

---

[24] *Williamston Co Regional Planning Comm, supra* at 175.

[25] *Id.*

[26] *Id.* at 194-195 (citations omitted).

sation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.[27]

*Williamson*, therefore, stands for the proposition that a party cannot bring its federal Taking Clause claim in federal court until its state claims are resolved. However, *Williamson* does not serve to preclude a party from bringing its state and federal claims at the same time in a state court. Here, Bruley asserted that the city's ordinance amounted to a taking as well as a violation of her constitutional due process rights and equal protection rights. These claims were based on both the Michigan Constitution and the United States Constitution. The trial court could determine whether the city's passage of the ordinance amounted to a taking under the Michigan Constitution. In doing so, the trial court could also determine whether the passage of the ordinance amounted to a taking under the United States Constitution. We therefore fail to see *Williamson's* applicability to this case and conclude that the trial court erred in granting summary disposition of Bruley's federal claims on that basis.

### VI. THE HISTORIC DISTRICT STUDY COMMITTEE

Bruley argues that she was entitled to summary disposition in her favor because the city failed to properly follow the LHDA in appointing the historic district study committee.[28] Below, Bruley argued that the his-

---

[27] *Id.* at 195 (citation omitted).

[28] Bruley also asserts that she was entitled to summary disposition because the LHDA forbids the designation of a single resource as a historic district. However, this issue was not properly presented to this Court

toric district study committee was not properly commissioned under the LHDA because the city commission only created the committee by passing a resolution, as opposed to an ordinance. Bruley contended that the ordinance designating her property a historic district was void because the city commission did not follow the LHDA.

However, the LHDA does not require an ordinance to establish a historic district study committee. MCL 399.214(1), on which Bruley rests her argument, provides:

> A local unit may at any time establish by ordinance additional historic districts, including proposed districts previously considered and rejected, may modify boundaries of an existing historic district, or may eliminate an existing historic district. *Before establishing, modifying, or eliminating a historic district, a historic district study committee appointed by the legislative body of the local unit shall, except as provided in subsection (2), comply with the procedures set forth in section 3 and shall consider any previously written committee reports pertinent to the proposed actions.* To conduct these activities, local units may retain the initial committee, establish a standing committee, or establish a committee to consider only specific proposed districts and then be dissolved.[29]

While the statute requires an ordinance to establish a *historic district*, nothing in the plain language of MCL 399.214 requires an ordinance to establish a *historic district study committee*. The portion of the statute that requires the appointment of a historic dis-

---

because it was not set out in Bruley's statement of the issues. Accordingly, this issue is waived and we do not address it. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000).

[29] Emphasis added.

trict study committee[30] does not indicate that the appointment need be made by way of an ordinance, nor is there any language to suggest that a resolution is ineffective. Indeed, the statute suggests flexibility regarding the relationship between the local unit and the historic district study committee, because the local unit can create a standing unit or create a unit for one purpose and then dissolve it.[31]

In summary, we conclude that Bruley's exhaustion, finality, and ripeness requirements should not have been applied to her state and federal claims directed at the face of the city's ordinance designating her property a historic district. We therefore reverse the trial court's grant of summary disposition on those claims and remand for further proceedings. However, because we find no merit in Bruley's contention that she is entitled to summary disposition because the city failed to create the historic district study committee by way of an ordinance, we affirm the trial court's ruling on this aspect of Bruley's motion for summary disposition.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

---

[30] See also MCL 399.203(1) ("Before establishing a historic district, the legislative body of the local unit shall appoint a historic district study committee.").

[31] MCL 399.214.