# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM MICHAEL HOVEY,

        Plaintiff-Appellant,

v

PENINSULA TOWNSHIP,

        Defendant-Appellee,

and

PENINSULA TOWNSHIP ZONING BOARD OF
APPEALS,

        Defendant-Appellee.

UNPUBLISHED
October 15, 2015

No. 322452
Grand Traverse Circuit Court
LC No. 2013-029896-AA

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Plaintiff, William M. Hovey, appeals as of right an order granting summary disposition in favor of defendants, Peninsula Township and Peninsula Township Zoning Board of Appeals.[1] We reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the denial of plaintiff's request for dimensional variances under the Peninsula Township Zoning Ordinance. In March 2006, plaintiff purchased a parcel of land ("parcel B-2") that was adjacent to a private road. Plaintiff subsequently obtained a loan that was secured by a mortgage on parcel B-2. In November 2006, plaintiff purchased a parcel of land that was adjacent to the northern boundary of parcel B-2 ("remainder parcel").

---

[1] We will refer to defendant Peninsula Township Zoning Board of Appeals as "defendant ZBA" and defendant Peninsula Township as "defendant township" in this opinion.

-1-

In 2007, plaintiff applied for a land use permit, intending to construct a new home that straddled parcel B-2 and the remainder parcel. According to plaintiff, the majority of the house would have been located on the remainder parcel, and the driveway to the home would have originated from the private road that abutted the southern edge of parcel B-2. Defendant township agreed to issue the permit on the condition that plaintiff agreed that he would not split parcel B-2 and the remainder parcel after the home was built. Due to the declining conditions of the real estate market, plaintiff never constructed the house, and plaintiff later lost ownership of parcel B-2 through foreclosure proceedings. However, plaintiff ultimately acquired an easement that ran along the eastern edge of parcel B-2, so that he could access the remainder parcel from the private road.

In August 2012, plaintiff decided to build a home on the remainder parcel in a location that was almost identical to the place where he previously intended to build a home in 2007. He also planned to build a driveway that crossed parcel B-2 in the same location as he had intended in 2007, although the driveway would now be located on the easement. When plaintiff inquired about the possibility of obtaining a building permit, he learned that he needed to build a road consistent with the private road standards under Section 7.10 of the Peninsula Township Zoning Ordinance before he could obtain a building permit, as he no longer owned Parcel B-2, the property that previously fulfilled the lot or frontage width requirement under the ordinance.[2] In order to build such a road, he needed to obtain several dimensional variances from the private road standards under the ordinance. Defendant ZBA denied eight out of the nine variances that plaintiff requested.

Plaintiff initiated the instant action against defendants. Under Count I of his original complaint, he appealed as of right from defendant ZBA's decision. Under Count II, he requested a declaratory judgment finding that the private road standards violated plaintiff's right to equal protection under both the United States and Michigan Constitutions and that the standards violated MCL 125.3201(2). Under Count III, he requested a judgment against defendant township on the basis that defendants' refusal to grant the dimensional variances constituted a regulatory taking of his property. Plaintiff subsequently filed a first amended complaint, which omitted the takings claim that was previously raised under Count III. Thus, we are reviewing the circuit court's rulings on Counts I and II of plaintiff's amended complaint.

Several weeks after defendants filed the record on appeal in the circuit court, defendants filed a motion to dismiss plaintiff's appeal of defendant ZBA's decision on the basis that plaintiff failed to file his appellate brief within the requisite time frame. On the same day, the trial court granted defendants' motion, dismissing Count I of plaintiff's amended complaint. The trial court later denied plaintiff's motion for reconsideration.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), contending that Count II of plaintiff's complaint stated a facial challenge to the private road standards under

---

[2] Section 7.10.1(1) of the Zoning Ordinance provides, "No parcel of land or lot created after the adoption of this amendment shall be issued a land use permit without having the required lot width or frontage width along a public road[,] a private road[,] or an approved frontage road."

the zoning ordinance on equal protection grounds. As such, defendants argued that there was no genuine issue of material fact that the regulations of the ordinance applied equally to all zoning districts in the township; the road frontage requirement applied equally to all parcels of land in the township; and the road frontage requirement advanced legitimate governmental interests. In response, plaintiff asserted that the allegations in his complaint stated an as-applied regulatory takings claim, an as-applied substantive due process claim, and an as-applied, "class of one" equal protection claim, arguing, *inter alia*, that the affidavit and issues raised by defendants were not dispositive to his claims. The trial court granted summary disposition in favor of defendants, finding that summary disposition was proper on each of plaintiff's claims, regardless of whether they constituted facial or as-applied challenges.

## II. DISMISSAL OF PLAINTIFF'S APPEAL

Plaintiff first argues that the trial court abused its discretion when it dismissed Count I of his amended complaint on the basis that he abandoned his appeal by failing to file an appellate brief within the requisite time period under MCR 7.111(A)(1)(a). Defendants argue that the notice requirement under MCR 7.122(E)(5) establishes an exception to a circuit court's obligation under MCR 7.109(G)(3) to provide written notice when the record on appeal is filed. As such, they also claim that MCL 7.122(E)(5) alters the requirement under MCR 7.111(A)(1)(a) that an appellant must file a brief within 28 days *after the circuit court provides written notice* that the record on appeal has been filed with the court. We agree with plaintiff.

This court reviews "[a] trial court's decision to dismiss an action . . . for an abuse of discretion," *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007) (citations omitted), which "occurs when the decision results in an outcome falling outside the principled range of outcomes," *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "An error of law may lead a trial court to abuse its discretion . . . ." *Donkers*, 277 Mich App at 368 (quotation marks and citations omitted). This Court "review[s] de novo questions concerning the proper interpretation and application of statutes, court rules, and rules of evidence." *Id*. Additionally, this Court reviews for an abuse of discretion a trial court's decision to deny a motion for reconsideration. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008).

When this Court construes a court rule, it applies the same principles that apply to statutory construction. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). If the plain language of the court rule is unambiguous, this Court "must enforce the meaning expressed, without further judicial construction or interpretation." *Id*. "This Court will not 'read in' language that is not included in the court rule." *Costa v Community Emergency Med Servs, Inc*, 263 Mich App 572, 583; 689 NW2d 712 (2004), aff'd 475 Mich 403 (2006).

MCR 7.111(A)(1) provides:

(a) *Within 28 days after the circuit court provides written notice under MCR 7.109(G)(3) that the record on appeal is filed with the circuit court, the appellant must file a brief conforming to MCR 7.212(C) and serve it on all other parties to the appeal.* The time may be extended for 14 days by stipulation and

order.  The circuit court may extend the time on motion.  The filing of a motion does not stay the time for filing a brief.

(b) If an appellant does not file a brief within the time provided by subrule (A)(1)(a), the appeal may be considered abandoned, and the circuit court may dismiss the appeal on 14 days' notice to the parties.  Compliance with subrule (A)(1)(a) after notice is sent does not preclude a dismissal of the appeal unless the appellant shows a reasonable excuse for the late filing.  [Emphasis added.]

MCR 7.109(G)(3) states, "The circuit court must immediately send written notice to the parties when the record is filed in the circuit court."

MCR 7.122 governs a circuit court appeal from a zoning board of appeals' decision under a zoning ordinance.  MCR 7.122(A)(1).  As defendants emphasize, MCR 7.122(E) includes specific provisions regarding the notice that must be provided when the record on appeal is transmitted to the circuit court in zoning cases:

(2) Within 28 days after service of the claim of appeal, the clerk of the city, village, township, or county from which the appeal is taken must file the record with the court.

* * *

(5) The clerk of the city, village, township, or county from which the appeal is taken must notify the appellant and appellee of the transmittal of the record to the court.  [MCR 7.122(E)(2), (5).]

However, MCR 7.122(A)(1) specifically states, "Unless this rule provides otherwise, MCR 7.101 through MCR 7.115 apply."  Additionally, the parties and the circuit court failed to recognize that MCR 7.122(F) expressly provides, "Unless otherwise ordered, the parties must file briefs complying with MCR 7.111."

Unlike other provisions under MCR 7.122 that expressly change or provide an exception to the requirements under MCR 7.101 through MCR 7.115,[3] the language of MCR 7.122(E)(5) does not state that the rule supplants the notice required to trigger the time to file a brief under MCR 7.111(A)(1).  In fact, such a conclusion is contrary to the plain language of the rules, as MCR 7.109(G)(3) and MCR 7.122(E)(5) require two separate entities to provide notice at different points in the record transmittal process.  Finally, and most significantly, the plain and unambiguous language of MCR 7.122 expressly states that parties must file briefs in accordance with MCR 7.111 unless the court orders otherwise.  See *In re KH*, 469 Mich at 628.

---

[3] Compare, e.g., MCR 7.122(B), with MCR 7.104(A).  See also, e.g., MCR 7.112(C)(1) ("The claim of appeal shall conform to the requirements of MCR 7.104(C)(1), *except that . . . .*" [Emphasis added.]).

Here, it is undisputed that the circuit court did not provide notice as required under MCR 7.109(G)(3). Because MCR 7.122 does not provide that a different type of notice or a different time frame is applicable to the filing of appellant briefs in circuit court appeals from zoning boards of appeals decisions, the time for filing plaintiff's brief had not yet began to run. MCR 7.111(A)(1)(a). Thus, the circuit court committed an error of law and abused its discretion when it dismissed Count I of plaintiff's first amended complaint on the basis that plaintiff had abandoned his appeal. *Donkers*, 277 Mich App at 368. Likewise, the circuit court abused its discretion when it denied plaintiff's motion for reconsideration. *Shawl*, 280 Mich App at 218, because plaintiff demonstrated a palpable error of law by which the court was misled, and a different disposition of defendants' motion must result from correction of the error, MCR 2.119(F).[4]

Therefore, we reverse the trial court's order dismissing Count I of plaintiff's first amended complaint and remand for further proceedings.

## III. SUMMARY DISPOSITION

On appeal, plaintiff challenges the trial court's grant of summary disposition of Count II of the first amended complaint in favor of defendants on several grounds. Contrary to plaintiff's claims, we hold that the trial court properly granted summary disposition in favor of defendants.

### A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's grant or denial of summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), this Court may only consider, in the light most favorable to the party opposing the motion, the evidence that was before the trial court, which consists of "the 'affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties.' " *Calhoun Co v Blue Cross Blue Shield Michigan*, 297 Mich App 1, 11-12; 824 NW2d 202 (2012), quoting MCR 2.116(G)(5). Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

Questions of constitutional law, including "due process and equal protection challenges to zoning ordinances," are reviewed de novo on appeal. *Houdek v Centerville Twp*, 276 Mich App 568, 573; 741 NW2d 587 (2007). This Court reviews a circuit court's decision regarding the meaning and scope of the pleadings for an abuse of discretion. *Weymers v Khera*, 454 Mich

---

[4] Given this conclusion, we need not decide whether the circuit court abused its discretion in failing to provide 14 days' notice to plaintiff before it dismissed Count I.

639, 654; 563 NW2d 647 (1997).

## B. NATURE OF PLAINTIFF'S CLAIMS

The gravamen of plaintiff's arguments on appeal is that the general allegations in his first amended complaint, together with the allegations and prayer for relief under Count II, encompass three "as applied" constitutional challenges to the road frontage requirements under the Peninsula Township Zoning Ordinance, those being an as-applied regulatory takings claim, an as-applied substantive due process claim, and an as-applied, "class of one" equal protection claim, each of which required different proofs than those asserted by defendants for a facial equal protection claim. In determining that summary disposition was proper under MCR 2.116(C)(10) as to plaintiff's regulatory takings, due process, and equal protection claims, regardless of whether plaintiff's claims constituted facial or as-applied challenges, the trial court effectively agreed that plaintiff's complaint raised a regulatory takings claim, a substantive due process claim, and an equal protection claim. We disagree, but conclude that the trial court properly granted summary disposition, even though it erred in concluding that plaintiff's first amended complaint raised a regulatory takings claim and a substantive due process claim.

"Michigan is a notice-pleading state." *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011). Pursuant to MCR 2.111(B)(1), a complaint must include "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" See also *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) ("The primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." [Alteration omitted.]). This Court "will look beyond mere procedural labels and read the complaint as a whole when ascertaining the exact nature of a plaintiff's claims." *Johnson*, 292 Mich App at 368.

In reading the pleading as a whole, there is no indication that plaintiff alleged an as-applied regulatory takings claim in the first amended complaint. Under the United States and Michigan Constitutions, land use regulations may accomplish a taking if the regulation requires the property owner to submit to a permanent physical invasion of his property, *Lingle v Chevron USA Inc*, 544 US 528, 538; 125 S Ct 2074; 161 L Ed 2d 876 (2005), or if the "the regulation denies an owner economically viable use of his land," either (1) categorically, i.e., by depriving the owner of all economically beneficial or productive use, or (2) under the balancing test described in *Penn Cent Transp Co v City of New York*, 438 US 104; 98 S Ct 2646; 57 L Ed 2d 631 (1978). *K & K Const, Inc v Dep't of Natural Res*, 456 Mich 570, 576; 575 NW2d 531 (1998). Previous caselaw has recognized that a taking may occur "where the regulation does not substantially advance a legitimate state interest," *K & K Const,* 456 Mich at 576, but, as recognized by this Court, the United States Supreme Court has repudiated "the 'advance[s] a legitimate state interest test,' " *Schmude Oil, Inc v Dep't of Environmental Quality*, 306 Mich App 35, 50 n 7; 856 NW2d 84 (2014), citing *Lingle*, 544 US at 540-545.

Here, plaintiff omitted a takings claim from his first amended complaint after he previously had expressly included such a claim under Count III of his original complaint. However, the two counts in plaintiff's first amended complaint include no suggestion of a

takings claim. Unless otherwise indicated, an amended complaint supersedes the original complaint, and the original complaint is deemed abandoned and withdrawn. MCR 2.118(A)(4); *Grzesick v Cepela*, 237 Mich App 554, 561-563; 603 NW2d 809 (1999). Especially in light of the clear omission of the takings claim, we find that the allegations in plaintiff's first amended complaint were insufficient to state a takings claim, and that the trial court erred in concluding that plaintiff alleged such a claim. MCR 2.111(B)(1); *Dalley*, 287 Mich App at 305. We decline to consider further plaintiff's arguments regarding this claim; summary disposition was proper because plaintiff failed to state a regulatory takings claim in his first amended complaint. See MCR 2.116(C)(8); MCR 2.116(I)(1); see also *Gleason v Michigan Dept of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

Likewise, plaintiff failed to state a substantive due process claim in his first amended complaint. To "establish that a land use regulation is unconstitutional, either on its face or 'as applied,' " on substantive due process grounds, a party must demonstrate " '(1) that there is no reasonable governmental interest being advanced by the present zoning classification or (2) that an ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question.' " *Houdek*, 276 Mich App at 574 (citation omitted). "To sustain a substantive due process claim against municipal actors, the governmental conduct must be so arbitrary and capricious as to shock the conscience." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 198; 761 NW2d 293 (2008).

While plaintiff alleged that he was denied due process of law under Count III of his original complaint, he did not include that allegation in his first amended complaint. Even if the remaining facts could arguably support a substantive due process claim, his first amended complaint includes no language that would provide notice to defendants that plaintiff was alleging that the application of the private road standards furthered no reasonable governmental interests, or that the application of the ordinance was arbitrary, capricious, or unfounded. MCR 2.111(B)(1). As stated *supra*, unless otherwise indicated, an amended complaint supersedes the original complaint. MCR 2.118(A)(4); *Grzesick*, 237 Mich App at 561-563. Accordingly, the trial court erroneously concluded that plaintiff raised a substantive due process claim in his first amended complaint, MCR 2.111(B)(1); *Dalley*, 287 Mich App at 305. Again, we will not consider further plaintiff's arguments regarding the trial court's consideration of his substantive due process arguments, as summary disposition was proper given that plaintiff failed to state such a claim in his first amended complaint. See MCR 2.116(C)(8); MCR 2.116(I)(1); see also *Gleason*, 256 Mich App at 3.

However, plaintiff's first amended complaint did raise both an as-applied equal protection claim and a facial equal protection claim. " 'A facial challenge alleges that the mere existence and threatened enforcement of the ordinance materially and adversely affects values and curtails opportunities of all property regulated in the market.' " *Bruley v City of Birmingham*, 259 Mich App 619, 626; 675 NW2d 910 (2003), quoting *Paragon Properties Co v City of Novi*, 452 Mich 568, 576; 550 NW2d 772 (1996). Stated differently, "[a] facial challenge is a claim that the law is 'invalid *in toto*—and therefore incapable of any valid application . . . .' " *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 11 n 20; 740 NW2d 444 (2007), quoting *Steffel v Thompson*, 415 US 452, 474; 94 S Ct 1209; 39 L Ed

2d 505 (1974). " 'An "as applied" challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution.' " *Bruley*, 259 Mich App at 626, quoting *Paragon Properties*, 452 Mich at 576.

The Michigan Supreme Court summarized the principles of equal protection law in *Shepherd Montessori Ctr Milan v Ann Arbor Charter Tp*, 486 Mich 311, 313, 318-320; 783 NW2d 695 (2010), which considered a plaintiff's as-applied constitutional challenge to a zoning ordinance after the defendants denied the plaintiff's request for a variance:

> The equal protection clauses of the Michigan and United States constitutions provide that no person shall be denied the equal protection of the law. This Court has held that Michigan's equal protection provision is coextensive with the Equal Protection Clause of the United States Constitution. The Equal Protection Clause requires that all persons similarly situated be treated alike under the law. When reviewing the validity of state legislation or other official action that is challenged as denying equal protection, the threshold inquiry is whether plaintiff was treated differently from a similarly situated entity. The general rule is that legislation that treats similarly situated groups disparately is presumed valid and will be sustained if it passes the rational basis standard of review: that is, the classification drawn by the legislation is rationally related to a legitimate state interest. . . .

> * * *

> The ordinance in question is indisputably facially neutral in that it does not, on its face, treat religious and secular entities differently. Here, plaintiff complains that, in applying the ordinance, the township treated it differently from one other entity . . . . The United States Supreme Court allows such "class of one" claims to be brought, but requires a plaintiff to show that it was actually treated differently from others similarly situated and that no rational basis exists for the dissimilar treatment. . . . [Footnotes omitted.]

Several allegations in plaintiff's first amended complaint, when read together, provide notice of a claim that the road frontage and private road standards, as applied to plaintiff's property, violated plaintiff's Equal Protection rights under the United States and Michigan Constitutions. Plaintiff's allegations assert that defendant ZBA's decision denied plaintiff equal protection of the law through the application of the ordinance to plaintiff's property in 2013, and did not assert that the ordinance provisions incapable of any valid application. See *In re Request for Advisory Opinion*, 479 Mich at 11; *Bruley*, 259 Mich App at 626. Additionally, as defendants argue, Count II of plaintiff's first amended complaint also provides notice of a facial challenge on equal protection grounds, expressly alleging that "[t]he private road standards contained in the Peninsula Township Zoning Ordinance violate the United States Constitution, the Michigan Constitution[,] and MCL[] 125.3201(2)."

On appeal, plaintiff does not argue that summary disposition was improper as to a facial challenge to the ordinance on equal protection grounds. Instead, he asserts that summary disposition was improper because he only raised as-applied claims. Thus, in light of the

foregoing, we must determine whether the trial court properly granted summary disposition on plaintiff's as-applied, "class of one" equal protection claim.

## C.  WHETHER SUMMARY DISPOSITION WAS PROPER UNDER MCR 2.116(C)(10)

Plaintiff raises a series of arguments in support of his position that the trial court improperly granted summary disposition on his as-applied claims.  We will address each argument in turn.

### 1.  DEFECTIVE AFFIDAVIT

Plaintiff argues that summary disposition under MCR 2.116(C)(10) was improper, as he was not obliged to submit any documentary evidence in support of his claims in order to survive summary disposition, because defendants (1) did not submit an affidavit that was germane to a dispositive fact concerning plaintiff's as-applied constitutional challenges; (2) did not identify facts dispositive to plaintiff's as-applied claims as to which there was no genuine issue of material fact; and (3) submitted a defective affidavit that consisted of legal conclusions, not facts from which the trial court could draw legal conclusions.  We disagree.

Although these arguments are unpreserved because they were not raised before and decided by the trial court, *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005), we will address them because they comprise "issue[s] of law for which all the relevant facts are available," *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009), and the resolution of the issues is necessary for a proper determination of the case, *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).  Unpreserved issues are reviewed for plain error.  *Demski v Petlick*, ___ Mich App ___, ___; ___ NW2d ____ (2015) (Docket No. 322193); slip op at 9.

Plaintiff relies on *SSC Assoc Ltd Partnership v Gen Retirement Sys of City of Detroit*, 192 Mich App 360, 366-367; 480 NW2d 275 (1991), in which this Court held that the defendant was not obligated to submit documentary evidence in response to the plaintiff's defective motion for summary disposition under MCR 2.116(C)(10) because the affidavit submitted with the motion for summary disposition was legally insufficient to support the plaintiff's claim.  *SSC Assoc Ltd Partnership* is distinguishable from the instant case because the affidavit submitted by defendants was not defective.

"Affidavit" is defined as follows: "A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation."  *People v Sloan*, 450 Mich 160, 177 n 8; 538 NW2d 380 (1995) (quotation marks and citation omitted), overruled on other grounds *People v Hawkins*, 468 Mich 488 (2003); see also *Black's Law Dictionary* (10th ed) (defining "affidavit" as "[a] voluntary declaration of facts written down and sworn to by the declarant, usu. before an officer authorized to administer oaths.").  A "statement of fact" is "[a] declaration that asserts or implies the existence or nonexistence of a fact. . . .  The term includes not just a particular statement that a particular fact exists or has existed, but also an assertion that, although perhaps expressed as an opinion, implies the existence of some fact or facts that have led the assertor to hold the opinion in question." *Black's Law Dictionary* (10th ed).  A

"legal conclusion" is "[a] statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result."

Although the affidavit prepared by Michelle L. Reardon, Peninsula Township Director of Planning & Zoning, states a legal conclusion regarding the legitimacy of the governmental interests supporting the zoning ordinance, the affidavit also states the specific facts that supported that legal conclusion, as she described the governmental purposes advanced by the ordinance. As discussed *infra*, the governmental interests described in Reardon's affidavit were, in fact, relevant and dispositive to plaintiff's equal protection claims. Thus, Reardon's affidavit was not improper, and plaintiff was obliged to set forth specific facts, by affidavit or otherwise, showing that there was a genuine issue of material fact for trial. MCR 2.116(G)(4).

## 2. GROUNDS NOT RAISED BY DEFENDANTS

Plaintiff also argues that the trial court erred in granting summary disposition on Count II because the reasons for the court's decision were not raised in defendants' motion. We disagree.

Plaintiff's argument that a trial court is not permitted to grant summary disposition on a ground not raised by the moving party has no merit. Pursuant to MCR 2.116(I)(1), "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Thus, a trial court is not limited to granting summary disposition only on grounds raised by a moving party. Cf. *Ruggeri Elec Contracting Co, Inc v City of Algonac*, 196 Mich App 12, 18; 492 NW2d 469 (1992) (citing MCR 2.116(I)(1) in addressing the plaintiff's argument that "summary disposition was improper because it was based on grounds not asserted in [the] defendant's motion").

Furthermore, when a defendant moves for summary disposition under MCR 2.116(C)(10), "a plaintiff cannot rest solely on its complaint. Affidavits, pleadings, depositions, admissions, or other documentary evidence must be offered to survive summary disposition." *Coblentz v City of Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006); see also MCR 2.116(G)(4) ("When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, *but must*, by affidavits or as otherwise provided in this rule, *set forth specific facts showing that there is a genuine issue for trial*. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her." [Emphasis added.]). Plaintiff failed to meet this burden. The only documentary evidence offered by plaintiff in his responses to defendants' motion for summary disposition was an affidavit prepared by his attorney and selected provisions of the zoning ordinance. As explained *infra*, this evidence did not provide a factual basis for the allegations that were dispositive to the arguments raised by plaintiff in opposing defendants' motion for summary disposition. Further, plaintiff expressly relied on allegations in his first amended complaint and unsupported allegations raised in his responses to defendants' motion for summary disposition.

The trial court specifically requested supplemental briefing following the hearing on defendants' motion for summary disposition and expressly stated that plaintiff would have "an opportunity to rebut [defendants' supplemental brief]," yet plaintiff failed to subsequently proffer

additional evidence, apart from provisions of the zoning ordinance, sufficient to demonstrate a genuine issue of material fact that precluded summary disposition. Thus, the record shows that the trial court granted summary disposition, based on the arguments that plaintiff raised in his responses following defendants' motion for summary disposition, after clearly giving plaintiff two opportunities to proffer evidence that established a genuine issue of material fact for trial.

Accordingly, we conclude that the trial court did not err in granting summary disposition on grounds that were not asserted in defendants' motion for summary disposition. Cf. *Al-Maliki v LaGrant*, 286 Mich App 483, 488-489; 781 NW2d 853 (2009) (explaining that a trial court may grant summary disposition sua sponte under MCR 2.116(I)(1) as long as the parties are provided notice and an opportunity to be heard on the issue).

### 3. MERIT OF PLAINTIFF'S AS-APPLIED EQUAL PROTECTION CLAIM

Finally, plaintiff argues that he established a genuine issue of material fact regarding whether the application of the zoning ordinance to plaintiff's property violated plaintiff's right to equal protection. We disagree.

In responding to defendants' motion for summary disposition, plaintiff framed his as-applied equal protection claim under a "class of one" theory, which was recognized by the United States Supreme Court in *Village of Willowbrook v Olech*, 528 US 562, 564; 120 S Ct 1073; 145 L Ed 2d 1060 (2000). As plaintiff argues, an as-applied, "class of one" theory does require a different showing than a facial equal protection claim. To prevail under such a theory, a plaintiff "must show that [he was] treated differently than those similarly situated in all material respects," and "that the adverse treatment [he] experienced was so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Loesel v City of Frankenmuth*, 692 F3d 452, 462 (CA 6, 2012) (quotation marks and citations omitted); see also *Village of Willowbrook*, 528 US at 564 (stating that a plaintiff brings a class of one claim when she "alleges [(1)] that she has been intentionally treated differently from others similarly situated and [(2)] that there is no rational basis for the difference in treatment."). "To be considered similarly situated, the challenger and his comparators must be *prima facie* identical in all relevant respects or directly comparable . . . in all material respects." *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013) (quotation marks omitted), quoting *United States v Green*, 654 F2d 637, 651 (CA 6, 2011). The second prong of the test, *i.e.*, a rational basis inquiry, is demonstrated by "either by negativing every conceivable reason for the government's actions or by demonstrating that the actions were motivated by animus or ill-will." *Loesel*, 692 F3d at 462, 465 (quotation marks and citation omitted).

First, there is no genuine issue of material fact regarding whether plaintiff was treated differently from others similarly situated in *all* material respects. A fact or aspect is "material" when it "ha[s] some logical connection with the consequential facts." *Black's Law Dictionary* (10th ed). Likewise, a "material fact" is "[a] fact that is significant or essential to the issue or matter at hand; esp., a fact that makes a difference in the result to be reached in a given case." *Black's Law Dictionary* (10th ed), p 710. It is undisputed that plaintiff owned frontage property when he applied for a land use permit in 2007 and did not own frontage property when he requested the dimensional variances in 2012. This unquestionable distinction is material because

it is the basis of the disparate treatment of plaintiff's property between 2007 and 2013. Thus, we conclude that there was no genuine issue of material fact that plaintiff's property was not "*prima facie* identical in all relevant respects or directly comparable . . . in all material respects" at the relevant times. *Lima Twp*, 302 Mich App at 503 (quotation marks and citation omitted).

Nevertheless, even if we assume that this difference was not material, and that the affidavit prepared by plaintiff's attorney, when viewed in the light most favorable to plaintiff, see *Calhoun Co*, 297 Mich App at 11-12, established a genuine issue of material regarding whether the properties were similarly situated in all material aspects, there is no genuine issue of material fact regarding the second prong of the test. See *Loesel*, 692 F3d at 462 (CA 6 2012).

"Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999), superseded by statute on other grounds as stated in *McLiechey v Bristol W Ins Co*, 408 F Supp 2d 516, 523 (WD Mich, 2006); see also MCR 2.116(G)(4); *Coblentz*, 475 Mich at 569 ("Affidavits, pleadings, depositions, admissions, or other documentary evidence must be offered to survive summary disposition."). At trial, plaintiff would bear the burden of either negating all conceivable reasons for the government's action or demonstrating that the action was instigated by animus or ill-will. See *Loesel*, 692 F3d at 462 (CA 6 2012); *Shepherd Montessori*, 486 Mich at 313, 318-319. Reardon averred that the purposes of the road frontage requirements in the ordinance were:

> [(1)] ensuring that each such parcel is accessible by motor vehicles from a developed road, particularly for emergency vehicles[;] [(2)] . . . ensuring that parcels are not landlocked for not only vehicular access but for the provision of public utilities[;] and . . . [(3)] ensuring that parcels have sufficient width to provide for the orderly development of the township, including providing sufficient land area to construct on-site sewer systems and to provide sufficient separation distances between those sewer systems and on-site portable water wells.

It is evident that these purposes constitute legitimate governmental interests under Michigan law, furthering health, safety, and general welfare. See, e.g., Const 1963, art 7, § 24 (stating that any city or village may operate public utilities); MCL 117.4h; MCL 125.3201 (stating permissible purposes for the establishment of districts under a zoning ordinance); *Bevan v Brandon Twp*, 438 Mich 385, 399-400; 475 NW2d 37 (1991) (concluding that ensuring access for emergency vehicles and personnel constitutes a legitimate governmental interest). Plaintiff conceded in the lower court and on appeal that he was unable to negate every conceivable basis for the ordinance. Thus, there was no genuine issue of material fact that plaintiff failed to demonstrate that there was no rational basis for the application of the road frontage and private road requirements to plaintiff's property.

Additionally, plaintiff merely relies on the allegations in his first amended complaint and the unsupported allegations in his reply to defendants' supplemental memorandum of law in support of his claim that defendants' denial of the dimensional variances was motivated by animus or ill will, failing to attach an affidavit or other documentary evidence, or cite any

evidence already in the record, that would establish that a genuine issue of material fact exists. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 374-375; 775 NW2d 618 (2009). Again, "[w]here the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Smith*, 460 Mich at 455; see also MCR 2.116(G)(4); *Coblentz*, 475 Mich at 569. Therefore, although the trial court's analysis was cursory at best, the trial court properly granted summary disposition of plaintiff's as-applied equal protection claim. See *Gleason*, 256 Mich App at 3 (holding that this Court may uphold a trial court's ruling that produced the right result, even if the reasoning for the ruling was incorrect).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan